# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3626

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Dwain Thomas Vaughn, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2007
Filed: March 25, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Dwain Thomas Vaughn pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of cocaine base and marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced him to 151 months' imprisonment. Vaughn appeals, asserting sentencing errors. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

At sentencing, the district court first reviewed the presentence report, calculating the guidelines range as 151 to 188 months. Vaughn responded that there were no departure motions. The court stated, "Finally, I am to impose a reasonable sentence under the statute. Congress has enacted a statute which sets forth factors that a Court is to consider in determining what a reasonable sentence is in each instance." The court then gave Vaughn the opportunity to speak. His counsel argued for a downward variance because Vaughn had rehabilitated himself between his arrest in 2004, and the indictment and plea in 2006. After hearing this argument and the government's response, the district court stated that

> to reach the age of 24 and manage to receive ten prior convictions, the balance of which involved violent conduct, I cannot find under the totality of the circumstances that the presumptively reasonable guidelines in this case are not reasonable. The statutory purposes of sentencing, that is, deterrence, protecting the public, incapacitation, and punishment are served by a guideline sentence of 151 months.

Reviewing a sentence, this court first determines whether the district court committed a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). If a defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc); *United States v. Guarino*, __ F.3d __, __ (8th Cir. 2008), No. 07-2350, slip op. at 1-2 (8th Cir. Feb. 29, 2008). Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997); **Fed. R. Crim. P. 52(b)**. If these conditions are met, an appellate court may exercise its discretion to correct a forfeited error only if it "seriously affects the fairness, integrity,

or public reputation of judicial proceedings." ***Johnson***, 520 U.S. at 467, *quoting* ***United States v. Olano***, 507 U.S. 725, 732 (1993).

Vaughn asserts two procedural errors. He objected to neither in the district court. Plain error review applies. *See* ***Pirani***, 406 F.3d at 549; ***Guarino***, __ F.3d at__, No. 07-2350, slip op. at 1-2.

First, he argues that the district court applied a presumption of reasonableness to the guidelines, in violation of *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) ("[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."). The district court did so err when it said, "I cannot find . . . that the *presumptively reasonable guidelines* in this case are not reasonable." (emphasis added). *See* ***Gall***, 128 S. Ct. at 597; ***Rita***, 127 S. Ct. at 2465. This was plain error. *See* ***Johnson***, 520 U.S. at 468 ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal – it is enough that an error be 'plain' at the time of appellate consideration.").

To meet the third prong, that the error affected substantial rights, Vaughn "must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." ***Pirani***, 406 F.3d at 552. *See* ***Guarino***, __ F.3d at__, No. 07-2350, slip op. at 3. Vaughn does not meet his burden. On the record as a whole, there is no indication that the district court would have sentenced him more favorably had it not presumed the guidelines were reasonable. *Cf.* ***United States v. Greene***, 513 F.3d 904, 907-08 (8th Cir. 2008) (remand for resentencing where district court explicitly stated it would have imposed a sentence outside the guidelines if it had the opportunity); ***United States v. Huff***, 514 F.3d 818, 820-21 (8th Cir. 2008) (same).

Second, Vaughn contends that the district court procedurally erred by assuming its duty was to impose a reasonable sentence, instead of a sentence sufficient but not

greater than necessary. *See* **18 U.S.C. § 3553(a)**. Although the district court did state that it was to impose a "reasonable sentence," on the record as a whole, it is clear the court followed the proper procedure by first calculating the guidelines range, asking for departures, considering the § 3553(a) factors, and imposing a sentence. Vaughn has not met his burden of establishing a plain error.

"Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 128 S. Ct. at 597. In contrast to procedural errors, a defendant does not forfeit an attack on the substantive reasonableness of a sentence by failing to object in the district court. *See United States v. Wiley*, 509 F.3d 474, 476-77 (8th Cir. 2007). "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Robinson*, __ F.3d __, __ (8th Cir. 2008), No. 07-1631, slip op. at 2 (8th Cir. Feb. 21, 2008).

Vaughn believes that the sentence is substantively unreasonable because the district court improperly failed to consider his actual rehabilitation efforts or lack of recent criminal history, as part of its § 3553(a) analysis. Vaughn's counsel specifically advanced these factors at the sentencing hearing. The district court rejected them, citing Vaughn's significant violent criminal history. The court based its sentence on the need for deterrence, protection of the public, incapacitation, and punishment. *See* **18 U.S.C. § 3553(a)(2)**. The district court adequately considered Vaughn's arguments for a downward departure, and did not abuse its discretion in imposing a sentence at the bottom of the guidelines range.

The judgment of the district court is affirmed.

_____