# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2739

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Rene Solis, also known as Rene | * | |
| Solis-Luna, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 2, 2008
Filed: January 8, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Rene Solis pled guilty to conspiring to distribute drugs, the district court[1] sentenced him to 204 months in prison, which was within the Guidelines range. On appeal, Solis asserts that the district court applied a presumption of reasonableness to the Guidelines range, and argues that the court imposed an unreasonable sentence because it placed undue weight on his role in the offense and his purported lack of cooperation.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

In reviewing a sentence, we first ensure that the district court did not commit a significant procedural error. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). If the sentence is procedurally sound, we consider its substantive reasonableness under an abuse-of-discretion standard. *See United States v. Vaughn*, 519 F.3d 802, 805 (8th Cir. 2008), *petition for cert. filed*, (U.S. Aug. 28, 2008) (No. 08-6064). A within-Guidelines-range sentence is accorded a presumption of substantive reasonableness on appeal. *See id.*

We reject Solis's assertion that the district court applied a presumption of reasonableness to the Guidelines range. The court stated that the Guidelines were an important but not controlling factor in sentencing, and discussed other 18 U.S.C. § 3553(a) factors before concluding that the Guidelines range was "reasonable" here. *Cf. United States v. Sigala*, 521 F.3d 849, 851 (8th Cir. 2008) (court did not apply impermissible presumption of reasonableness when it stated that Guidelines were used to assist court in determining reasonable sentence).

Further, we conclude that the sentencing factors the district court considered were permissible under section 3553(a), and the court did not commit a clear error of judgment in weighing them. *See* 18 U.S.C. § 3553(a)(1) (in determining sentence, court shall consider nature and circumstances of offense and history and characteristics of defendant); *United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005) (sentence is reviewed for abuse of discretion, which occurs if court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing factors).

Accordingly, the judgment of the district court is affirmed.

_____