# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3092

_____

United States of America,

        Appellee,

v.

Keith Dionte Moon,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: February 10, 2009
Filed: April 1, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Keith Dionte Moon (Moon) pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) and § 2. At sentencing, Moon requested a downward variance from his advisory United States Sentencing Guidelines (Guidelines) range of 63 to 78 months. Moon argued a downward variance was warranted under the 18 U.S.C. § 3553(a) factors based on Moon's prolonged emotional problems, low intelligence level, inadequate upbringing, limited education, young age at the time the crime was committed (18), and heavy influence of his brother in the commission of the robbery.

The district court[1] declined to depart from Moon's advisory Guidelines range and sentenced Moon to the bottom of the range, 63 months imprisonment.

Moon now asserts the district court committed procedural error during sentencing. Moon contends the district court failed to consider the § 3553(a) factors which favored a downward variance because the district court did not address each of Moon's arguments for a variance and misconstrued Moon's argument regarding mental capacity.

At sentencing, Moon did not object to any procedural error by the district court. Moon thus forfeited any alleged procedural error, and we will review his claim only for plain error. See United States v. Hill, 552 F.3d 686, 690 (8th Cir. 2009) (citing United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008), cert denied, 129 S. Ct. 998 (2009)). "'Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights.'" Id. (quoting Vaughn, 519 F.3d at 804). If a defendant makes a plain error showing, we "may exercise our discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Vaughn, 519 F.3d at 804) (internal marks omitted). See also Johnson v. United States, 520 U.S. 461, 466-67 (1997); United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc).

"A district court commits procedural error if it fails to consider the § 3553(a) factors, but the court need not recite all of the factors on the record, and it is not required to make a specific rejoinder to each argument advanced by the defendant." United States v. Barron, __ F.3d __, No. 08-1613, 2009 WL 538382, at *1 (8th Cir. Mar. 5, 2009) (citations omitted). "[I]n determining whether the district court considered the relevant [§ 3553(a)] factors in a particular case, 'the context for the

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing.'" United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) (quoting United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008)).

We are convinced the district court did not commit procedural error. The district court thoroughly reviewed the undisputed PSR and correctly calculated Moon's Guidelines range. The district court also listened to arguments by Moon's counsel and by the government, and was aware of Moon's position seeking a variance. The district court responded to Moon's arguments by noting Moon was on probation at the time of the robbery and had an escalating criminal history at a young age, which discredited Moon's mental capacity argument. The district court then explained a long prison sentence would not resolve Moon's problems, and imposed a sentence at the bottom of Moon's Guidelines range "pursuant to the Sentencing Reform Act of 1984 as well as the considerations of 18 U.S.C. [§] 3553(a)." Although the district court did not specifically address each of Moon's arguments, the district court was not required to do so. See Barron, 2009 WL 538382, at *1. Based on the record before us, we are persuaded the district court was aware of its authority to vary downward, and understood Moon's arguments for a variance. Cf. United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000) (affirming a denial of a request for downward departure because "we have consistently held that the district court's decision *not* to depart downward is unreviewable so long as the court was aware of its authority to depart"). The district court properly considered Moon's contentions within the § 3553(a) factors, and decided a sentence within Moon's Guidelines range was warranted. This does not constitute error, and clearly does not rise to the level of plain error.

The district court's judgment is affirmed.

_____