# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2310

_____

United States of America,

        Appellee,

v.

Simon Anthony White, Jr.,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: March 9, 2009
Filed: September 8, 2009

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Simon Anthony White, Jr., pled guilty to sexual abuse of a minor, in violation of 18 U.S.C. §§ 1151, 1153, and 2243(a). At sentencing, the district court[1] calculated an advisory guideline range of 108 to 135 months' imprisonment, and sentenced White to 144 months' imprisonment. White appeals his sentence, arguing that the district court committed procedural error and imposed a substantively unreasonable sentence. We affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

# I.

In January 2007, White worked as an overnight security guard at Seven Clans Casino and Hotel in Thief River Falls, Minnesota. After finishing work at 8:00 a.m. on January 30, he went to a hotel room at the casino where his adult step-niece, Jennifer Stately, was staying along with a friend and Stately's fifteen-year-old cousin, H.S. White and Stately mixed an alcoholic drink and then left the hotel together for a drive in a car. During the drive, they continued to drink, and White twice asked Stately what she would do if he touched her. She responded that she would kick him, run, and call the police.

White eventually dropped Stately back at the hotel, and a few minutes later, he returned to her hotel room. White asked for more alcohol, but Stately did not have any, so White just sat down on a chair in the room. Stately left the room to take a shower, and shortly thereafter, her friend also left the room, leaving White alone with H.S., who was sleeping on a bed. H.S. then awoke with White laying on top of her, penetrating her vagina. White remained on top of H.S. for a couple of minutes. He eventually removed himself from the bed, told H.S. to put her clothes back on, and left the hotel room.

H.S. reported the incident and underwent a sexual assault examination. DNA from sperm obtained during the examination matched DNA from a saliva sample that White provided to law enforcement. A federal grand jury indicted White for sexual abuse of a minor, in violation of 18 U.S.C. §§ 1151, 1153, and 2243(a). White remembered that he was in the hotel room drinking, but said that he had no recollection of the other events of the morning, and could not believe that the allegations by H.S. were true. After learning of the DNA match, however, he pled guilty to the charge.

At sentencing, White did not object to the presentence investigation report ("PSR") or to the calculation of the advisory guideline range. The court correctly determined that the guideline range was 108 to 135 months' imprisonment, corresponding to an offense level of 29 and a criminal history category III. After hearing from White and the mother of H.S., the district court imposed a sentence of 144 months' imprisonment, which it described as "a departure upward from the sentencing guideline range, although it is not substantial." The court acknowledged that it could not presume the guideline range to be reasonable, and explained that it thought the 144-month sentence was appropriate because "the community needs" to have White in custody for "basically ten solid years," and because "[t]hey need to also recognize the seriousness of this and the fact that a child ought to be protected."

The court also emphasized that this offense "is not the first time that [White] has been engaged in this kind of thing." The court had elaborated on White's past behavior earlier in the hearing:

> [W]hile I do not count it as part of your criminal history for sentencing enhancement purposes, this is not the first time that you have forgotten a sexual assault. You do not get two bites of this kind of apple. What you have done is a horrifying, unspeakable crime to somebody who had no reason to be subjected to it and there is not an excuse for it. You haven't offered one – which is fine – but simply to say, "Well, I don't remember" doesn't cut it. This child did not deserve what happened to her. She never could have, she never did.

The prior "forgotten" sexual assault to which the court referred is described in paragraph 28 of White's PSR. In August 1982, when White was eighteen, he pled guilty in Minnesota state court to false imprisonment arising out of an alleged sexual assault. He initially had been charged with more serious assault and criminal sexual conduct charges, but these charges were dismissed as part of a plea agreement. According to court documents, the victim, who is the mother of one of White's

-3-

children, alleged that he grabbed her while she was walking alone and pulled her into a nearby wooded area. There, he struck her many times, threw her to the ground, pulled down her pants, and threatened to rape and kill her. The victim was able to escape briefly, but White caught her again and threatened to kill her with a knife that he produced. The victim struggled to get away and yelled for help until two men arrived and pulled White away from her. White admitted to holding down the victim and hitting her in the face, but claimed that he did not remember pulling down her pants and did not carry a knife. The presentence report did not include this offense in White's criminal history calculation because it was outside the applicable time period under the guidelines. *See* USSG § 4A1.2(e).

White appeals his sentence, arguing that the district court committed procedural error and imposed a substantively unreasonable sentence.

## II.

Under the framework of *Gall v. United States*, 128 S. Ct. 586 (2007), we must first consider whether the district court committed a "significant procedural error" when imposing sentence. *Id.* at 597. For the first time on appeal, White points to two alleged procedural errors. Because he did not raise these objections at sentencing, we review for plain error. *See United States v. Vaughn*, 519 F.3d 802, 805 (8th Cir. 2008).

White first contends that the district court erred by departing upward for underrepresentation of criminal history pursuant to USSG § 4A1.3 without conducting the appropriate analysis under that section. The record shows, however, that the district court did not apply § 4A1.3 in calculating the guideline range. Although the court stated that its sentence was "a departure upward," it is clear from its explanation that the court actually calculated an advisory guideline range without a traditional departure under the guidelines, but then varied from the guideline range based upon

-4-

the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Dehghani*, 550 F.3d 716, 723 n.4 (8th Cir. 2008). Therefore, the district court was not required to conduct an analysis under § 4A1.3, and it did not commit procedural error.

White next contends that the district court erred in basing White's sentence on its finding that the instant offense was "not the first time that [White] has been engaged in this kind of thing." According to White, this was error because the "district court made no specific findings" regarding White's previous behavior, and the information contained in the PSR was unreliable. To the extent that White is arguing that the court based its sentence on clearly erroneous facts, his claim is without merit. White did not object to the presentence report, and the district court was therefore permitted to accept the facts contained in the report as true when determining an appropriate sentence. *United States v. Razo-Guerra*, 534 F.3d 970, 975 (8th Cir. 2008). Paragraph 28 of the PSR described White's previous guilty plea to the charge of false imprisonment arising out of an alleged sexual assault, and recounted the factual circumstances of the offense. Therefore, the district court properly relied on these factual statements, including the victim's report of the offense conduct and White's assertion that he could not recall aspects of the incident. There was no procedural error.

White also argues that his sentence was substantively unreasonable because it was greater than necessary to comply with the sentencing factors set forth in § 3553(a). We review the reasonableness of the sentence under a deferential abuse-of-discretion standard. *Gall*, 128 S. Ct. at 597. The district court imposed a sentence of 144 months' imprisonment, which was nine months greater than the advisory guideline range. Giving due deference to the district court's careful consideration of the § 3553(a) factors, we see no basis to conclude that White's sentence is substantively unreasonable.

For these reasons, the judgment of the district court is affirmed.

_____