# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1268
_____

United States of America

*Plaintiff - Appellee*

v.

Roger Dengler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 21, 2012
Filed: October 1, 2012

_____

Before LOKEN and MURPHY, Circuit Judges, and JACKSON,[1] District Judge.

_____

MURPHY, Circuit Judge.

Roger Dengler was involved in a marijuana and cocaine conspiracy. He pled guilty to "maintaining drug-involved premises" in violation of 21 U.S.C. § 856(a)(2).

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, sitting by designation.

The district court[2] sentenced him to 78 months imprisonment, the bottom of his guideline range. Dengler appeals, challenging his sentence on procedural and substantive grounds. We affirm.

Dengler, an employee of the United States Postal Service for over thirty years, used his home in Davenport, Iowa to store drugs as part of a marijuana and cocaine distribution conspiracy. Dengler was indicted for conspiring with others to distribute at least 1,000 kilograms of marijuana and at least 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The government dismissed his conspiracy charge after Dengler agreed to plead guilty to the lesser charge of managing or controlling a place "for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance." 21 U.S.C. § 856(a)(2).

Dengler's presentence investigation report (PSR) relied on § 2D1.8(a)(1) of the guidelines when determining his offense level. That section provides that the offense level applicable to the underlying controlled substance offense under § 2D1.1 should be used. Since Dengler's offense involved between 700 and 1,000 kilograms of marijuana equivalent, §§ 2D1.1(a)(5), (c)(5) called for a base offense level of 30. The PSR applied a two level reduction for acceptance of responsibility and concluded that Dengler had a category I criminal history. It recommended a guideline range of 78 to 97 months imprisonment.

Dengler objected to the PSR's characterization of him as an active participant in the underlying conspiracy and argued that the PSR should have calculated his base offense level under § 2D1.8(a)(2) instead of § 2D1.8(a)(1). Section 2D1.8(a)(2) provides for a four level reduction in a defendant's offense level if "the defendant had no participation in the underlying controlled substance offense other than allowing use

---

[2]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

of the premises." Dengler's base offense level thus would have been 26 under § 2D1.8(a)(2) as opposed to the base level of 30 that the PSR had given him under § 2D1.8(a)(1). Dengler also sought a downward variance.

Three participants in the drug conspiracy testified for the government at sentencing. Nicholas Miller testified that he had sold Dengler cocaine in large quantities, had seen Dengler sell drugs, had stored large amounts of drugs in Dengler's garage, and had collected money and distributed drugs with Dengler. Enrique Perez Guzman also testified that he had stayed at Dengler's home and stored drugs there. Additionally, Richard Mendez testified that he had purchased large quantities of cocaine and marijuana from Dengler at his house.

At sentencing the court addressed whether Dengler was eligible for a four level reduction in his base offense level under § 2D1.8(a)(2). Courts have disagreed about who bears the burden to prove whether § 2D1.8(a)(1) or § 2D1.8(a)(2) applies. Compare United States v. Leasure, 319 F.3d 1092, 1096–97 (9th Cir. 2003) (placing the burden on the government), with United States v. Dickerson, 195 F.3d 1183, 1089–90 (10th Cir. 1999) (placing the burden on the defendant). The district court here stated that "on this record" the question was irrelevant, for it found that "if it was [Dengler's] burden, [he] would not have sustained it. If it's the government's burden, they clearly have." That was because the testimony at the sentencing hearing had provided substantial evidence of Dengler's involvement in a large scale drug conspiracy. The court concluded that the four level reduction under § 2D1.8(a)(2) "simply [was] not available on this record."

The district court calculated Dengler's guideline range as between 78 and 97 months, denied his request for a variance, and sentenced him to 78 months in prison. Dengler appeals, arguing that the district court should have decided who had the burden to show whether he was eligible for § 2D1.8(a)(2), that it erred in finding him not eligible for the downward adjustment to his offense level under that section, that

it should have granted him safety valve relief, and that its sentence was substantively unreasonable.

We review a sentence first for procedural error and then consider its substantive reasonableness "under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). In the procedural error analysis, a district court's interpretation and application of the guidelines is reviewed de novo and its factual findings are reviewed for clear error. United States v. Fischer, 551 F.3d 751, 754 (8th Cir. 2008). Where a defendant fails to raise an issue at sentencing, our review is for plain error. United States v. Rios, 171 F.3d 565, 567 (8th Cir. 1999). Plain error review requires evidence of "(1) an error; (2) that is plain; and (3) that affects substantial rights." United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008). To warrant reversal the error must also "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (citation omitted).

Dengler first argues that the district court erred by stating that it "really [didn't] make any difference" who had the burden to prove whether § 2D1.8(a)(1) or § 2D1.8(a)(2) applied. He contends that it was the government's burden and that it failed to show that § 2D1.8(a)(1) applied. Dengler also argues that the district court clearly erred in finding that Dengler had participated in the underlying conspiracy.

We agree with the district court that it was unnecessary for it to decide who had the burden to prove whether § 2D1.8(a)(1) or § 2D1.8(a)(2) applied. Even if it was the government's burden, as Dengler argues, witness testimony sufficiently described Dengler's substantial involvement in the conspiracy and established that he was not eligible for § 2D1.8(a)(2)'s lower base offense level. The witnesses testified that Dengler helped coconspirators distribute drugs, purchased drugs from coconspirators, and distributed drugs to his own customers. Since the evidence established that Dengler did much more than merely "allow[] use of [his] premises," the district court

-4-

properly determined that he was ineligible for the lower base offense level under § 2D1.8(a)(2).

Dengler next argues that he should have received a two level reduction because he qualified for safety valve relief under § 5C1.2. See § 2D1.1(b)(16). That provision "applies to first-time non-violent drug offenders who meet" five requirements. United States v. Garcia, 675 F.3d 1091, 1094 (8th Cir. 2012) (citation omitted). The parties do not dispute that Dengler could meet the first four requirements to qualify for safety valve relief, see id. at n.3, but they disagree as to whether Dengler could meet the fifth requirement. That would require that "not later than the time of the sentencing hearing, [Dengler] . . . truthfully provided to the Government all information and evidence [he had] concerning the offense." § 5C1.2(a)(5).

Dengler has the burden to establish by a preponderance of the evidence that he met the requirements under § 5C1.2(a). United States v. Razo-Guerra, 534 F.3d 970, 974 (8th Cir. 2008). He concedes that our review is for plain error because he failed to raise this issue at sentencing. See Rios, 171 F.3d at 567. He argues that the district court plainly erred in failing to apply the reduction because he did not have any useful information and the government did not seek information from him. We conclude that Dengler has not established his eligibility for the § 5C1.2 reduction. He has not produced any evidence to show that he "truthfully provided to the Government all information and evidence [he had] concerning the offense." § 5C1.2(a)(5). He has not shown that he "disclose[d] all the information he possessed about his involvement in the crime," United States v. Romo, 81 F.3d 84, 85 (8th Cir. 1996), or that he attempted to initiate contact with the government to discuss the crime. See United States v. Mejia, 91 F.3d 148, 148 (8th Cir. 1996) (per curiam). The district court therefore did not plainly err in not granting Dengler the two level reduction.

Dengler finally argues that his sentence is substantively unreasonable because the conspiracy only lasted two years, it had ended long before he was indicted, and it

did not cause death or serious injury. He further argues that his history and personal characteristics weigh in favor of a lower sentence, citing his family's financial difficulties, his family ties, his employment with the United States Postal Service for 36 years, his lack of criminal history, and his lack of criminal activity while on presentence release. He argues that a sentence of probation would adequately reflect the seriousness of his offense.

The district court did not abuse its discretion in sentencing Dengler to 78 months, the bottom of his guideline range. Dengler's sentence was within the recommended guideline range and is thus "accorded a presumption of substantive reasonableness on appeal." United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008). The district court thoroughly considered the 18 U.S.C. § 3553(a) factors in arriving at Dengler's sentence, reasoning that his conduct was serious. It also noted the need for general deterrence. The district court considered Dengler's mitigation arguments and his lack of prior criminal history but pointed out that "when [Dengler] got involved, [he] got involved substantially." The district court did not abuse its discretion when it concluded that a downward variance was not appropriate in light of the seriousness of the offense, Dengler's substantial participation in the conspiracy, the harm that drug activity causes the community, and the need for deterrence.

Accordingly, the judgment of the district court is affirmed.

_____