# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2793

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Adkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: February 10, 2014
Filed: June 2, 2014
[Unpublished]

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Charles Adkins pleaded guilty to distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Adkins possessed at least 120 images and 28 videos of child pornography, and, using the internet, Adkins distributed child pornography to undercover agents in Iowa and Florida.

At sentencing, the district court[1] adopted the Pre-Sentence Investigation Report's computation of the Sentencing Guidelines range, with no objection by Adkins, and included a reduction for acceptance of responsibility. The final Guidelines range was 262-327 months' imprisonment. Adkins motioned for a downward variance under 18 U.S.C. § 3553(a), which the court denied. Ultimately, the district court sentenced Adkins to 262 months' imprisonment. Adkins appeals, arguing that the district court made erroneous factual conclusions in denying his request for a variance and that his sentence is substantively unreasonable.

"We review a sentence first for procedural error and then consider its substantive reasonableness under an abuse-of-discretion standard." United States v. Dengler, 695 F.3d 736, 739 (8th Cir. 2012) (internal quotations omitted). "Procedural error includes 'failing to calculate . . . the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range.'" United States v. Jones, 612 F.3d 1040, 1044 (8th Cir. 2010) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "In the procedural error analysis, a district court's interpretation and application of the guidelines is reviewed de novo and its factual findings are reviewed for clear error." Dengler, 695 F.3d at 739.

Here, Adkins challenges the district court's factual conclusions that resulted in its rejection of the requested downward variance.[2] At sentencing, the court made some "general [factual] findings" before specifically evaluating the § 3553(a) factors.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

[2]The government asserts that we should review this claim for plain error, see Dengler, 695 F.3d at 739. However, because Adkins's arguments fail even under a more lenient standard, we need not address the government's contention.

Adkins challenges these findings; namely, (1) that there was no objective evidence that Adkins was sexually abused as a child; (2) that even if he was abused, there was no evidence demonstrating the cause and effect between child abuse and collecting and distributing child pornography; and (3) that Adkins's expert's testimony was unhelpful. The district court reached these conclusions after fully examining and weighing the evidence. After a thorough review of the record, and given that factual findings and credibility determinations are best left to the sentencing court, we see no error here. United States v. Rodriguez, 711 F.3d 928, 938 (8th Cir.) ("[I]t is well established that in sentencing matters a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." (quotation omitted)), cert. denied, 134 S. Ct. 715 (2013); United States v. Austad, 519 F.3d 431, 436 (8th Cir. 2008) ("'[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record.'" (quoting Gall, 552 U.S. at 51)).

Adkins also challenges the substantive reasonableness of his sentence. Adkins, first, challenges the child pornography guidelines asserting that they overstate the seriousness of his offense. Even assuming the district court could opt not to apply the Guidelines on policy grounds, the court is not required to do so. United States v. Pappas, 715 F.3d 225, 229 (8th Cir. 2013). Our review here is "limited to determining the substantive reasonableness of a specific sentence where the advisory guidelines range was determined in accordance with the guidelines." Id. (internal quotations omitted). Thus, Adkins's argument has no merit. See United States v. Muhlenbruch, 682 F.3d 1096, 1102 (8th Cir. 2012) (concluding a similar argument was meritless because it was not properly before this court).

Adkins finally asserts that his sentence is substantively unreasonable based on the sentencing court's analysis of the § 3553(a) factors. Adkins was sentenced to a 262-month sentence and because it is a within-Guidelines-range sentence, we may

afford the sentence a "presumption of reasonableness." <u>United States v. Wanna</u>, 744 F.3d 584, 589 (8th Cir. 2014) (quotation omitted). "But even without that presumption, the record shows that the court carefully explained the reasons for its sentence and its refusal to vary downward, and we see no indication that the court improperly weighed the sentencing factors." <u>Id.</u> The sentencing court did not abuse its discretion here.

For these reasons, we affirm the district court.

_____