# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1157

_____

United States of America

*Plaintiff - Appellee*

v.

Wilmer Arqui Vargas-Rodriguez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: March 12, 2018
Filed: June 6, 2018
[Unpublished]

_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Wilmer Arqui Vargas-Rodriguez and two co-defendants each pleaded guilty to one count of identity theft. Vargas-Rodriguez's uncontested Guidelines range was 18 to 24 months, but the district court varied upwards and sentenced him to 46 months. In doing so, the district court relied primarily on two facts: (1) Vargas-Rodriguez stole a car from a rental company in Las Vegas and drove it to South

Dakota, and (2) Vargas-Rodriguez installed credit card skimmers on gasoline pumps to steal card numbers for use on fraudulent credit and debit cards. These facts, the district court held, made Vargas-Rodriguez more culpable than his co-defendants, whom the court had already sentenced in separate proceedings. On appeal, Vargas-Rodriguez contends that the district court committed procedural error and imposed a substantively unreasonable sentence. "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009). We review the sentence imposed for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

As to procedural error, Vargas-Rodriguez contends that the district court's variance was based on clearly erroneous facts. See id. (noting that "[p]rocedural error includes . . . selecting a sentence based on clearly erroneous facts . . ." (cleaned up)). Because Vargas-Rodriguez did not raise this objection below, we may reverse only if the district court committed a plain error that affects Vargas-Rodriguez's substantial rights. United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008).

Though plain error review of sentencing decisions places a heavy burden on appellants, Vargas-Rodriguez has met that burden. Having thoroughly reviewed the record, we find no evidence that Vargas-Rodriguez stole a car from a rental company in Las Vegas. And, although the record references manufacturing and using stolen credit cards, we are unsure how the district court concluded that Vargas-Rodriguez actually installed card skimmers on gasoline pumps. Finding no record evidence from which we can intuit the district court's conclusions, we must hold that the sentencing variance was plainly erroneous. Given the variance nearly doubled Vargas-Rodriguez's sentence, we have little trouble concluding it affected his substantial rights. Because the sentence suffered from plain procedural error, we need not reach Vargas-Rodriguez's arguments concerning substantive reasonableness.

We vacate and remand for resentencing.

_____