# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2891

_____

United States of America

*Plaintiff - Appellee*

v.

Shane Sleister

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: June 11, 2018
Filed: July 16, 2018
[Unpublished]

_____

Before WOLLMAN, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Shane Sleister was on federal supervised release when he got into a bar fight. He pleaded the resulting state assault charge down to a misdemeanor and paid a fine. At the subsequent hearing to determine whether his term of supervised release should be revoked, Sleister admitted that his assault conviction violated the terms of his release, and the government dismissed several other alleged violations. The district

court[1] revoked Sleister's term of supervised release. Sleister's advisory Guidelines range was 5 to 11 months, but the district court imposed the maximum sentence of 24 months with no supervised release to follow. Sleister appeals, claiming that the sentence was both procedurally flawed and substantively unreasonable.

Generally, when "reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009). But when the defendant fails to bring the procedural error to the district court's attention, we will only reverse if the district court committed a plain error that affects the defendant's substantial rights. United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008). We review the substantive reasonableness of the sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Sleister first argues that the district court erred procedurally by relying on the unproven supervised-release violations that the government dismissed. Sleister did not raise this objection in the district court—in fact, when the district court asked if Sleister wanted additional explanation of the sentence, he declined—so we review only for plain error. The district court said that "the conduct requiring revocation is associated with a high risk of new felonious conduct." It is not clear or obvious that the district court based its decision on anything more than the conduct—engaging in a bar fight—that Sleister admitted. Nor is it plain that the district court was wrong to conclude that Sleister's assault conviction evidenced a greater risk of future crime. There was no plain procedural error.

Next, Sleister claims the district court imposed a substantively unreasonable sentence. The crux of Sleister's argument is that his assault conviction, which only

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

resulted in a fine in state court, is unworthy of two years of incarceration.  See Feemster, 572 F.3d at 461 (noting that the district court abuses its discretion when it commits "a clear error of judgment" in weighing the sentencing factors).  Reviewing the record before us, we disagree.  Because the district court did not err in concluding that Sleister's assaultive behavior evidenced an increased risk of recidivism, we cannot conclude that the district court committed a clear error of judgment when it returned Sleister to custody for 24 months.

Accordingly, the sentence is affirmed.

_____