# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2820

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Jermaine Snell

*Defendant - Appellant*

_____

No. 17-2821

_____

United States of America

*Plaintiff - Appellee*

v.

Melvin Hunter

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 11, 2018
Filed: July 26, 2018
[Unpublished]
_____

Before WOLLMAN, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Melvin Hunter and Antonio Snell contest the sentences imposed by the district court[1] after they each pleaded guilty to one count of conspiracy to distribute heroin. Hunter argues that the district court procedurally erred in computing his Guidelines range, and imposed a substantively unreasonable sentence; Snell argues only that his sentence was substantively unreasonable. "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009). We review the sentence imposed for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Hunter first claims that the district court lacked a factual basis for enhancing his offense level for being a "manager or supervisor" of the conspiracy, see USSG § 3B1.1(b); maintaining a drug premises, see USSG § 2D1.1(b)(12); and having a criminal livelihood, see USSG § 2D1.1(b)(15)(E). As to the enhancement for being a manager or supervisor, the record shows that Hunter purchased drugs in Chicago, brought them to Minnesota, and managed their distribution. It is undisputed that the distribution conspiracy involved five or more people, including intermediaries whose activities Hunter supervised. The district court did not err in determining Hunter was

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

a manager or supervisor, but not organizer or leader, of the conspiracy. See USSG § 3B1.1 comment (n.4).

As to the drug-premises enhancement, the record indicates that Hunter used several premises—his own home and those belonging to individuals below him in the distribution hierarchy—to frequently store and repackage drugs that he would later distribute, and that he exercised control over these premises. The district court did not err in determining that drug distribution was one of Hunter's "primary or principal uses" of at least one of these premises given the nature and frequency of Hunter's drug distribution activities there. See USSG § 2D1.1 comment (n.17).

And as to the criminal livelihood enhancement, Hunter argues that the district court improperly used the gross, rather than net, revenue of his drug operation when it imposed the enhancement. At sentencing, Hunter objected only that the government had not proved the *amount* of revenue he made from the drug conspiracy, not that the court should deduct his conspiracy-related expenses.[2] Therefore, the district court was not on notice it had to resolve the issue, and we review only for plain error.[3] See United States v. Vaughn, 519 F.3d 802, 804 (8th Cir. 2008) (standard of review). Even if we assume (without deciding) that there was error, it was not plain. The Guidelines define criminal livelihood, in relevant part, as deriving "income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law." USSG § 4B1.3 comment (n.2); see also id. § 2D1.1 comment (n.20(C)). Under the language of the Guideline,

---

[2]On appeal, Hunter may also argue that the district court erred in overruling his objection to the amount of revenue. We find no clear error. See Barker, 556 F.3d at 689.

[3]Hunter does not contest the government's assertion that he did not raise this issue in the district court.

it is not plain that the district court was only permitted to use Hunter's net revenue when it determined that he engaged in a criminal livelihood.

Hunter next asserts that his sentence was substantively unreasonable. Hunter's Guidelines range was 168 to 210 months, and the district court sentenced him to 168 months. Hunter argues that is too long given his youth and potential to make something of himself. But the district court appropriately considered these mitigating factors when weighing the 18 U.S.C. § 3553(a) factors, and we see no abuse of discretion in the court's decision to impose a sentence at the bottom of the Guidelines range. See United States v. Wilder, 597 F.3d 936, 946 (8th Cir. 2010) (noting that sentencing courts have "wide discretion to weigh the § 3553(a) factors").

Snell argues only that his sentence was substantively unreasonable. Snell's Guidelines range was 210 to 262 months, and the district court varied downward to 168 months. Snell contends the district court should have sentenced him to no more than the 84 months received by another coconspirator whom Snell concedes did not have the same role in the conspiracy. "Where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. McKanry, 628 F.3d 1010, 1022 (8th Cir. 2011) (cleaned up); see also United States v. Fry, 792 F.3d 884, 893 (8th Cir. 2015) ("[D]isparate sentences among dissimilar defendants are not unwarranted." (emphasis omitted)). When imposing sentence, the district court properly considered Snell's role in the drug distribution conspiracy as well as the other 18 U.S.C. § 3553(a) factors. There was no abuse of discretion.

For these reasons, the sentences are affirmed.

_____