# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2416

———————————————

United States of America

*Plaintiff - Appellee*

v.

Aaron Ramon Jefferson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: April 16, 2020
Filed: May 22, 2020
[Unpublished]

——————————

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Aaron Jefferson pleaded guilty to two counts of possession with intent to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), one count of possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i), and one count of being a felon in possession of firearm, *see* 18

U.S.C. §§ 922(g)(1), 924(a)(2). At sentencing, the district court[1] grouped Jefferson's drug and felon-in-possession offenses pursuant to U.S.S.G. § 3D1.2, and the parties agreed with the district court's calculation of a total offense level of 21, a criminal history category of IV, and an advisory sentencing guidelines range of 57 to 71 months for those predicate offenses, to be followed by a mandatory consecutive 60-month sentence for the § 924(c) offense. Jefferson then requested a downward variance for a combined sentence of 84 months. The district court denied the request for a variance and imposed a within-guidelines sentence of 60 months' imprisonment for the drug and felon-in-possession offenses to be followed by the mandatory consecutive 60-month sentence for the § 924(c) offense.

On appeal, Jefferson argues that the district court "erred when it attached the mandatory 60-month sentence to his firearm charge instead of his drug charges." According to Jefferson, the legislative intent behind § 924(c) requires the district court to calculate the guidelines range for his predicate drug offenses without considering his felon-in-possession offense. We generally review a district court's legal conclusions *de novo*, *see, e.g.*, *United States v. Becerra*, --- F.3d ---, 2020 WL 2201761, *3 (8th Cir. May 7, 2020), but because Jefferson did not raise this argument below, we review for plain error, *see United States v. Vaughn*, 519 F.3d 802, 804 (8th Cir. 2008).

We conclude Jefferson's statutory argument is misplaced for three reasons. First, Jefferson's only support for his position that the district court must ignore his felon-in-possession offense is that the "purpose" of § 924(c) was to combat the "dangerous combination of drugs and guns." This assertion in hand, he concludes that sentencing him for being a felon in possession of a firearm and for possessing a firearm in furtherance of a drug trafficking crime punishes the same conduct. Yet we have previously explained that violations of § 922(g)(1) and § 924(c) are

---

[1] The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

distinct offenses because "each provision requires proof of a fact which the other does not." *United States v. Jones*, 266 F.3d 804, 813 (8th Cir. 2001). Second, the guidelines already account for Jefferson's concern. If he had been convicted of only the drug counts and the § 922(g)(1) count, he would have been subject to a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. Because he was also convicted under § 924(c), however, the district court did not apply that four-level enhancement. *See* U.S.S.G. § 2K2.4 cmt. n.4. Finally, § 924(c) sets out a "straightforward statutory command" that the 60-month mandatory sentence is to be imposed consecutively to "any other term of imprisonment." *United States v. Gonzales*, 520 U.S. 1, 6 (1997). Thus, we are unpersuaded by Jefferson's contention that the district court plainly erred in interpreting § 924(c) and calculating his guidelines range in light of his felon-in-possession conviction.

The Government suggests Jefferson's argument could be read as a challenge to the district court's grouping of his drug and felon-in-possession offenses in calculating his advisory sentencing guidelines range. To the extent Jefferson raises this contention, it is foreclosed by precedent. *See United States v. Bell*, 477 F.3d 607, 615 (8th Cir. 2007) (holding that it is appropriate for a district court to group a drug trafficking count with a felon-in-possession count when the relevant firearm facilitates drug trafficking); *cf. United States v. Espinosa*, 539 F.3d 926, 929 (8th Cir. 2008) (finding the district court did not err by failing to group a drug count and a count for being a prohibited person in possession of a firearm under § 3D1.2(a) where the relevant "firearms were not connected to . . . [the] manufacture of methamphetamine").

As we have previously explained, "Guideline § 3D1.2 instructs that '[a]ll counts involving substantially the same harm shall be grouped together,' and outlines four situations in which counts involve substantially the same harm." *Espinosa*, 539 F.3d at 929. As relevant here, § 3D1.2(c) provides for grouping "[w]hen one of the counts embodies conduct that is treated as a specific offense

characteristic in . . . the guideline applicable to another of the counts." Because "[f]irearms are the tools of the drug trade providing protection and intimidation," *United States v. Linson*, 276 F.3d 1017, 1019 (8th Cir. 2002), Jefferson's drug counts and his felon-in-possession count each "include[] conduct that is treated [by the sentencing guidelines] as specific offense characteristics in the other offense," *Bell*, 477 F.3d at 614; *see also* U.S.S.G. §§ 3D1.2(c); 2D1.1(b)(1); 2K2.1(b)(6)(B). This does not change when the defendant has also been convicted under § 924(c) for possession of a firearm in furtherance of a drug trafficking crime. *Bell*, 477 F.3d at 615. We thus find it axiomatic that the district court did not plainly err when following this court's clear instruction. *See Vaughn*, 519 F.3d at 804.

Next, Jefferson argues that his sentence is substantively unreasonable. We review the reasonableness of a sentence for an abuse of discretion. *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009). "[S]entences that fall within the Guidelines range are presumptively reasonable on appeal." *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010).

Jefferson contends that the district court abused its discretion by failing to consider the relevant sentencing factors listed in 18 U.S.C. § 3553(a) and improperly weighing other factors. According to Jefferson, the district court "failed to give proper weight to [his] difficult childhood and his personal characteristics," ignored his respect for the law, failed to account for potential sentencing disparities, and "gave zero consideration" to his argument that it should vary downward in light of the "purpose" of 18 U.S.C. § 924(c) because the statute was "not intended to enhance other firearm offenses." We disagree.

"[D]istrict courts are allowed wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Meadows*, 866 F.3d 913, 920 (8th Cir. 2017). Here, the district court recited the relevant § 3553(a) factors and noted that it had "considered all of the factors." It then reviewed the specific mitigating and aggravating considerations advanced by the parties, including Jefferson's difficult childhood, employment history, mental health, education, and prior drug use. Ultimately, the district court found that its sentence was "the right one" in light of "all of the circumstances," particularly considering "the number of guns," the presence of "body armor," and "the amount of cash" involved. Accordingly, the record demonstrates that the district court carefully considered the relevant factors and imposed a presumptively reasonable within-guidelines sentence. *See United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). We therefore conclude the district court did not abuse its discretion because Jefferson "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." *See Townsend*, 617 F.3d at 995.

For the same reasons, we also conclude that the district court did not abuse its discretion in denying Jefferson's request for a downward variance. *See United States v. Acosta*, 619 F.3d 956, 962-63 (8th Cir. 2010). Although a district court may consider the fact that the defendant will serve a mandatory minimum sentence imposed under § 924(c) in calculating the appropriate sentence for a predicate offense, *Dean v. United States*, 581 U.S. ---, 137 S. Ct. 1170, 1176-77 (2017), it is not required to do so, *see United States v. Barron*, 557 F.3d 866, 871 (8th Cir. 2009) (noting that a district court's discretion to vary downward does not mean it "must disagree with any sentencing guideline, whether it reflects a policy judgment of Congress or the Commission's characteristic empirical approach" (emphasis and internal quotation marks omitted)). Here, the district court properly made an individualized assessment based on facts and arguments proffered by Jefferson as required by § 3553(a), and giving the district court's determination its due deference, we are unable to conclude it abused its discretion in fashioning

-5-

Jefferson's sentence. *See United States v. Jones*, 701 F.3d 327, 330 (8th Cir. 2012).

For the foregoing reasons, we affirm.

_____