# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1329
_____

United States of America

*Plaintiff - Appellee*

v.

Larenzo Marshan Grandberry

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: January 11, 2021
Filed: February 1, 2021
[Unpublished]
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Larenzo Marshan Grandberry pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

sentenced him to 84 months in prison. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Grandberry objects to the district court's four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense. This court reviews application of the sentencing guidelines de novo and factual findings for clear error. *See United States v. Houston*, 920 F.3d 1168, 1174 (8th Cir. 2019). In *United States v. Walker*, this court held that "the Iowa offense for carrying weapons in violation of Iowa Code § 724.4(1) constitutes another felony offense for purposes of Guidelines § 2K2.1(b)(6)(B)." *United States v. Miller*, 795 Fed. Appx. 980, 980 (8th Cir. 2020), *citing Walker*, 771 F.3d 449, 451-53 (8th Cir. 2014). Grandberry does not contest that *Walker* controls this case. Rather, he asks this panel to overrule it. This court has consistently applied *Walker*, and this panel is bound by it. *See United States v. Manning*, 786 F.3d 684, 686 (8th Cir. 2015) ("A panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc."). *See also United States v. Burnett*, 771 Fed. Appx. 721, 722-23 (8th Cir. 2019) (applying *Walker* to uphold enhancement); *United States v. Stuckey*, 729 Fed. Appx. 494, 495 (8th Cir. 2018) (same).

Grandberry challenges the substantive reasonableness of his within-guidelines sentence. He argues the court failed to account for mitigating circumstances he believes warrant a downward variance. This court reviews for abuse of discretion. *United States v. Dengler*, 695 F.3d 736, 739 (8th Cir. 2012). The record shows the court fully considered the § 3553(a) factors and the request for a variance. Imposing the sentence, the court said:

> In fashioning an appropriate sentence, I have considered each of the factors found in Title 18, United States Code, Section 3553(a), which means I have considered the nature and circumstances of this offense as well as the history and characteristics of Mr. Grandberry.

I have considered the seriousness of the offense. This is obviously the offense in a more aggravated form by reason of his flight and resistance and the presence of a firearm did make the events of that day more dangerous.

In examining the question of just punishment, I note drug convictions in 2007, three of them, harassment of a public official in 2006, a carrying weapons charge in 2006, burglary in 2008, another one in 2011, problems on supervision, unlawful possession of a controlled substance in 2016, fleeing and attempting to elude a peace officer in 2015, battery in 2016, theft in 2017, resisting a peace officer in 2016, and there are more, domestic abuse, aggravated fleeing, those are all of concern to the Court, especially in the context of a felon in possession of a firearm.

I have considered the need for adequate deterrence to criminal conduct, the need to protect the public from further crimes from the defendant is real. I have looked to the Sentencing Guidelines as an important, though not in any way controlling factor to be considered. I have weighed heavily the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct. I have considered the matters we discussed at sidebar as reflective of remorse.

After considering all those factors, I conclude that the following sentence is sufficient, but not greater than necessary, to address the essential sentencing considerations.

The district court did not abuse its discretion. *See United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010) ("The district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal.").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____