# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3694
No. 20-3703

_____

United States of America

*Plaintiff - Appellee*

v.

Palani Sam Bull Bear-Gardipe

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: October 19, 2021
Filed: January 26, 2022
[Unpublished]
_____

Before GRUENDER, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Palani Bull Bear pleaded guilty to voluntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112, discharge of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and bank robbery in

violation of 18 U.S.C. § 2113(a). The district court[1] sentenced Bull Bear to 120 months' imprisonment on the voluntary manslaughter conviction, varying upward from an advisory sentencing guideline range of 78 to 97 months, and a concurrent sentence of 78 months' imprisonment on the bank robbery conviction. Bull Bear also received a term of 120 months' consecutive imprisonment on the conviction for discharge of a firearm during the commission of a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A)(iii) (stating that a 120-month sentence consecutive to that of the underlying crime is required for a violation of the statute). Thus, Bull Bear was sentenced to a total of 240 months' imprisonment. Bull Bear appeals, arguing that the district court committed procedural errors and that his sentence is substantively unreasonable.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." *United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008) (internal quotation marks omitted). "We review a sentence first for procedural error." *United States v. Dengler*, 695 F.3d 736, 739 (8th Cir. 2012) (internal quotation marks omitted). "In the procedural error analysis, a district court's interpretation and application of the guidelines is reviewed de novo and its factual findings are reviewed for clear error." *Id*. "Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence," "including an explanation for any deviation from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Bull Bear raises several claims of procedural error. First, to the extent he argues that the district court abused its discretion by denying his motions for downward departures based on victim conduct under U.S.S.G. § 5K2.10, age under

---

[1]The Honorable Karen E. Schreier, United States District Court for the District of South Dakota.

§ 5H1.1, and mental and emotional conditions under § 5H1.3, "[t]he discretionary denial of a motion for downward departure is unreviewable unless the court failed to recognize its authority to depart." *United States v. Andreano*, 417 F.3d 967, 970 (8th Cir. 2005). Here, the district court considered each of these grounds for a downward departure explicitly and made clear it did not consider Bull Bear deserving of a downward departure on any of them. From this, we conclude that the district court recognized its authority to depart but determined that a discretionary departure was unwarranted. *See United States v. Left Hand Bull,* 901 F.2d 647, 650 (8th Cir. 1990) (holding unreviewable the discretionary decision to deny a downward departure under USSG § 5K2.10); *United States v. Jefferson*, 816 F.3d 1016, 1021 (8th Cir. 2016) (same for § 5H1.1); *United States v. Dixon*, 650 F.3d 1080, 1084 (8th Cir. 2011) (same for § 5H1.3).

Second, Bull Bear claims that the district court based its sentence on clearly erroneous fact findings. His claim that the district court relied on erroneous fact findings regarding who started the verbal altercation between Bull Bear and Brycee Red Owl, the victim of the voluntary manslaughter, is unreviewable because it challenges the district court's denial of his § 5K2.10 downward departure motion. *See Andreano*, 417 F.3d at 970. To the extent that Bull Bear's challenge is broader, there is no plain error. Bull Bear also argues that the district court relied on "facts outside the record" when it said that the bank teller robbed by Bull Bear was "going to have nightmares for the rest of her life," and that it will be "hard for her to do that job" because she will wonder if every customer plans to rob her and "if she's going to be able to go home that night alive." Because Bull Bear did not object to the court's statements when they were made, we review for plain error. *See United States v. Harrell*, 982 F.3d 1137, 1140 (8th Cir. 2020). We conclude that the court did not plainly err because "[t]he record does not support a conclusion that these remarks were a 'principal basis' for the court's choice of sentence." *See United States v. Eagle Pipe*, 911 F.3d 1245, 1248 (8th Cir. 2019).

Third, Bull Bear argues that the district court "failed to consider or discuss the [§] 3553(a) factors or even mention them." When reviewing for procedural error,

"[w]e do not require a district court to provide a mechanical recitation of the § 3553(a) factors when determining a sentence. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence." *Feemster*, 572 F.3d at 461. Here, the record makes clear that the district court considered the § 3553(a) factors in arriving at Bull Bear's sentence. For example, the district court discussed Bull Bear's age, background, and upbringing, *see* § 3553(a)(1) (directing the court to consider "the history and characteristics of the defendant"); the fact that Bull Bear committed "crimes of violence" that "involved a firearm," *see id.* (directing the court to consider "the nature and circumstances of the offense"); the impact of Bull Bear's actions on the victims and the community, *see* § 3553(a)(2)(A) (directing the court to consider "the need for the sentence imposed to reflect the seriousness of the offense"); and the fact that Bull Bear's actions indicated that he was "not somebody that was trying to follow the law," *see id.* (directing the court to consider "the need for the sentence imposed . . . to promote respect for the law").

Finally, Bull Bear argues that the district court "failed to offer any explanation for the sentence imposed," including "any reasons for deviating from the guideline range." As noted above, however, the district court explained its sentence in terms of the § 3553(a) factors. And it addressed the upward variance specifically, explaining that it was appropriate because "[the killing of Red Owl] happened a month after the armed bank robbery, . . . both [crimes] involved a firearm, and [one of them] resulted in [a] death, when there was really no provocation at all for that death."[2] We conclude that the district court provided a sufficient explanation of the sentence imposed. *See United States v. Hill*, 552 F.3d 686, 691-92 (8th Cir. 2009).

---

[2]The district court first referred to the 120-month sentence on the voluntary manslaughter conviction as an "upward departure." However, upon Bull Bear's objection to lack of notice for a departure, the district court corrected its error when it denied the objection, stating, "I did not upward depart. I upward varied." Because the district court properly treated the deviation from the Guidelines as a variance, we accept this correction. *Cf. United States v. Chase*, 560 F.3d 828, 830-31 (8th Cir. 2009) (rejecting the district court's interchangeable use of "departure" and

In the absence of procedural error, we then consider the "substantive reasonableness" of a sentence "under an abuse-of-discretion standard." *Dengler*, 695 F.3d at 739. "When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, the district court did not abuse its discretion when it varied upward on the voluntary manslaughter count. The district court considered the seriousness of the offenses, as well as the fact that they occurred just one month apart. *See United States v. Senior*, 935 F.2d 149, 151 (8th Cir. 1991) (finding that proximity in time is an appropriate factor to consider when deviating from the guidelines range). In light of the seriousness of the offenses and the close proximity in time between the two offenses, the sentence is not substantively unreasonable. *See id.*; *United States v. Cunningham*, 593 F.3d 726, 733 (8th Cir. 2010) (finding that a sentence was not substantively unreasonable when the "seriousness of th[e] offense" was a large part of the district court's consideration).

For the foregoing reasons, the judgment of the district court is affirmed.

_____

"variance" because it was unclear whether the district court "properly consider[ed] the factors it was required to consider").