# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3980

_____

United States of America

*Plaintiff - Appellee*

v.

Levell Lee Durr

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 16, 2017
Filed: November 14, 2017

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Levell L. Durr pled guilty to one count of coercion and enticement in violation of 18 U.S.C. § 2422(a). The district court[1] sentenced him to 21 months' imprisonment and five years' supervised release. After prison, he violated the

_____

[1] The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

conditions of release. The court revoked the release and sentenced him to 24 months, a 10-month upward variance. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Durr's probation officer filed a seven-count petition for revocation alleging Durr: (1) was arrested for possession of methamphetamine; (2) possessed an unregistered smart phone; (3) failed to obtain employment or perform 20 hours of community service weekly; (4) refused access to his phone during a probationary search; (5) associated with known felons; (6) allowed others to use controlled substances in his home; and (7) drove a vehicle with a suspended license. The district court held a revocation hearing. Two probation officers testified. The court found the government proved all but the fourth allegation by a preponderance of the evidence. The court varied upward from the 8-14 month guideline range, imposing a (government-requested) sentence of 24 months.

This court reviews sentences for abuse of discretion. *United States v. Bryant*, 606 F.3d 912, 918 (8th Cir. 2010). "Under this standard," this court "initially review[s] a sentence for significant procedural error and then, if necessary, for substantive reasonableness." *Id.* Reviewing for significant procedural error, this court reviews "a district court's factual findings for clear error and its interpretation and application of the guidelines de novo." *Id.*

Durr argues the district court erred by varying upward based on "speculation" he continued to engage in sex-trafficking. The court said:

> And in all honesty, Mr. Durr, the officers that testified in this case, Mr. Larson and Mr. Howard, they're not fools. I mean, they can put two and two together and figure out what's probably going on in this case. And what's probably going on is that you're involved in some of the same sex trafficking type offenses that you were convicted of previously. I

-2-

think there's a high likelihood that you're probably still pimping out girls.

Relying on *United States v. Stokes*, Durr agues the court's sex-trafficking inference is impermissible. **Stokes**, 750 F.3d 767, 772 (8th Cir. 2014). There, this court held the "sentencing judge plainly erred by (1) assuming the defendant had sold drugs for ten years despite a lack of record support, and (2) using that fact as 'a principal basis for denying' a downward variance." **United States v. Corrales-Portillo**, 779 F.3d 823, 834 (8th Cir. 2015), *quoting* **Stokes**, 750 F.3d at 772.

*Stokes* is distinguishable. There, the court's inference was the "principal basis" for varying upward. *See* **Stokes**, 750 F.3d at 772. Here, it is not. *See* **Corrales-Portillo**, 779 F.3d at 834 (declining to follow *Stokes* where "there is nothing in the record" to indicate that the district court's allegedly improper inference "was a principal basis" for the sentence). Imposing the sentence, the court said:

> I believe there is a basis for a variance in this case and for the following reasons: I think the record is clear that Mr. Durr has not been up to a lot of good since his supervision commenced on February 12, 2016. He's been associating with known users of drugs – street drugs. He claims that his lady friend, Charlee Fox, has hid her use of street drugs from him, but I think that any reasonable person not working, not doing anything meaningful with her life, comes and goes periodically, and shows up with a lot of undesirables in his apartment on more than one occasion.
>
> Mr. Durr has violated the conditions of his supervision, a number of them. He's not working, associating with not only drug users, but convicted felons. I think his behavior – from the testimony of the probation officers, reveals a disrespect for the law and a disrespect for the conditions of supervised release that were imposed upon him by

myself. I believe he's demonstrated little motivation to do anything real meaningful with his life.

The court thus listed Durr's multiple violations, including associating with known drug users and convicted felons, not working, and disrespecting the law and court orders. These violations support the court's upward variance. In addition, the court emphasized its consideration of the 3553(a) factors:

> The Eighth Circuit has said that sentencing judge doesn't have to identify on the record and enumerate and discuss all of the 3553(a) factors, but so the record is clear, I'm very familiar with every one of those factors and have considered them all in this case.

Because the court imposed a sentence based on multiple violations and the 3553(a) factors, it did not procedurally err in varying upward.

* * * * * * *

The judgment is affirmed.

_____