# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2126

_____

United States of America

*Plaintiff - Appellee*

v.

Hurley Wallace

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 8, 2018
Filed: February 1, 2018
[Unpublished]

_____

Before LOKEN, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Hurley Wallace pleaded guilty to one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). In doing so Wallace stipulated to a very limited factual recitation regarding his possession of certain ammunition in February 2016 at the Grand-U-Buy located in the City of St. Louis. The plea agreement also indicated that at the time of sentencing,

after the district court[1] had determined the Guidelines range that applied in the case, either side could ask for a sentence above or below that range. The presentence investigation report (PSR) arrived at a suggested Guidelines range of forty-six to fifty-seven months, and noted the statutory maximum of ten years.

Prior to sentencing, the government filed a sentencing memorandum and notice of its intent to call a St. Louis police officer to testify about the circumstances surrounding the charge to which Wallace pled guilty, specifically that video surveillance revealed that Wallace entered the store with another man and the two were arguing, the altercation escalated, punches were thrown, and Wallace ultimately produced a handgun from his pocket, shot the victim in the neck, and calmly walked out of the store. Wallace responded that this testimony was unnecessary because he had already stipulated to facts supporting the charge. Wallace additionally argued that because there had been no objections by either party to the prepared PSR, the government could not raise the issue of an upward variance at sentencing. The district court permitted the testimony.

The district court then varied upward from the suggested Guidelines range and imposed a sentence of 108 months. On appeal, Wallace argues that this sentence is procedurally and substantively improper, but we find neither to be the case. "This court reviews sentences for abuse of discretion." United States v. Durr, 875 F.3d 419, 420 (8th Cir. 2017). Under this standard the court initially reviews a sentence for significant procedural error wherein this court reviews a district court's factual findings for clear error and its interpretation and application of the Guidelines de novo. Id. at 421. If there is no significant procedural error, we review a sentence for substantive reasonableness. Here, "[a] district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2)

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)).

First, there is no legal basis for Wallace's argument that the government should not be allowed to accept the conclusions of a PSR and simultaneously seek an upward variance in a particular case. And, the district court did not abuse its discretion in granting the government's timely request for an upward variance following its review of the matter in light of the requisite 18 U.S.C. § 3553(a) factors.

Second, Wallace's sentence was substantively reasonable. A careful review of the court's sentencing colloquy reveals the court's thorough recitation of the § 3553(a) factors and discussion of its decision-making in arriving at the imposed sentence. The court did not abuse its broad discretion. United States v. Peeples, 879 F.3d 282, 289 (8th Cir. 2018) ("The district court has broad discretion in weighing the 18 U.S.C. § 3553(a) factors when imposing a sentence.").

For the reasons stated herein we affirm.

_____