# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1142
_____

United States of America

*Plaintiff - Appellee*

v.

Kenton Dayne Eagle Chasing

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: March 12, 2018
Filed: April 3, 2018
[Unpublished]

_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Kenton Dayne Eagle Chasing appeals following sentencing for violating a condition of supervised release. The district court[1] imposed a twenty-month sentence of imprisonment followed by thirty months of supervised release. We affirm.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

In 2004, Eagle Chasing was convicted of second-degree murder following a guilty plea when he killed his then-girlfriend by grabbing her by the throat and stabbing her in the chest with a knife. The district court sentenced him to 168 months' imprisonment followed by five years of supervised release. Eagle Chasing served his time and his initial period of supervised release began in April 2015. Within six months of his release, Eagle Chasing violated the terms of his release by consuming alcohol, driving under the influence of alcohol, and failing to report to his probation officer as directed. A warrant was issued for his arrest and Eagle Chasing admitted to three violations. The district court sentenced him to ten months' imprisonment–just shy of the high end of the suggested Guidelines range of five to eleven months–followed by three more years of supervised release.

Eagle Chasing once again served his time, and his most recent term of supervised release began on September 30, 2016. He was directed to report to the City/County Drug and Alcohol Program in Rapid City, South Dakota, but failed to appear. A second petition to revoke supervised release was filed based upon his failure to report, a Grade C violation, and officers arrested Eagle Chasing in Montana on November 18, 2016. Eagle Chasing admitted to failing to report but offered mitigating circumstances for his failure at the revocation and sentencing hearing. He testified that his plan upon release was to return to Sioux Falls, get his driver's license, get into trucking school, and "handle that stuff." However, when he was released to Rapid City he "just got frustrated" because his plan was to be in Sioux Falls. That frustration led to the violations of release at issue, and Eagle Chasing absconded and went to Montana to try to help a girlfriend. Although the suggested Guidelines range on a Grade C violation was five to eleven months, the statutory maximum period of incarceration was fifty months' imprisonment, which amounted to sixty months minus the ten months previously imposed at the first revocation proceeding. The district court sentenced Eagle Chasing to twenty months' imprisonment followed by thirty months of supervised release.

On appeal, Eagle Chasing argues the district court committed significant procedural error in miscalculating the statutory maximum, based Eagle Chasing's sentence on unproven speculation that he committed additional crimes, and imposed a substantively unreasonable sentence. "This court reviews sentences for abuse of discretion." United States v. Durr, 875 F.3d 419, 420 (8th Cir. 2017). Under this standard the court initially reviews a sentence for significant procedural error wherein this court reviews a district court's factual findings for clear error and its interpretation and application of the Guidelines de novo. Id. at 421. If there is no significant procedural error, we review a sentence for substantive reasonableness. Id. Here, "[a] district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)).

Having carefully reviewed the record and the sentencing colloquy, we find no error. First, reviewing the district court's sentence calculation and statements on the matter, it is evident the court knew of, and accurately calculated, the pre-PROTECT ACT statutory maximum applicable here, as it appropriately accounted for the ten months Eagle Chasing already served for his prior release revocation when calculating the instant sentence. See United States v. Lewis, 519 F.3d 822, 824 (8th Cir. 2008) (noting that 18 U.S.C. § 3583(e)(3) formerly required the aggregation of any prison sentences imposed for revocations of supervised release linked to a crime committed before April 30, 2003). Too, reviewing the court's sentencing colloquy and pronouncement of sentence, it did not rely on unproven speculation but rather relied upon record evidence, including previous presentence investigation reports as well as Eagle Chasing's own testimony, all of which were available to the court in calculating the sentence. The court did not clearly err or abuse its discretion in this case. Accordingly, we affirm.