# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-3144

———————————————

United States of America

*Plaintiff - Appellee*

v.

Randle Scott Hughley

*Defendant - Appellant*

———————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

———————————

Submitted: September 24, 2018
Filed: November 13, 2018
[Unpublished]

———————————

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

———————————

PER CURIAM.

Law enforcement officers were alerted to videos depicting Randle Scott Hughley receiving oral sex from his then-ten-year-old autistic daughter. Hughley pleaded guilty to sexual exploitation of a minor in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Under the U.S. Sentencing Guidelines (Guidelines), Hughley had a criminal history category of III, a total offense level of 43, and an advisory Guidelines

sentencing range of life imprisonment. The district court[1] sentenced him to 360 months' imprisonment, the maximum term authorized under 18 U.S.C. § 2251(e). He challenges the procedural and substantive reasonableness of his sentence. We affirm.

Hughley contends that the district court committed procedural error when it relied on clearly erroneous facts to impose the 360-month sentence. Although he did not object at sentencing, Hughley now argues that the record did not support the court's speculation that Hughley recorded the sex acts because he intended to either "relive" or "sell or trade" the videos. We conclude that the court did not plainly err in making those remarks, because they did not serve as the principal basis for the court's sentencing decision. See United States v. Stokes, 750 F.3d 767, 771 (8th Cir. 2014) (standard of review); United States v. Durr, 875 F.3d 419, 421 (8th Cir. 2017) (upholding a variance as procedurally reasonable despite the court's speculation as to facts not in the record because there was no indication that the speculation was a principal basis for the variance).

Hughley also argues that the sentence is substantively unreasonable because the court gave significant weight to an improper factor and failed to give adequate weight to other appropriate factors. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review). Specifically, Hughley claims that the court should not have considered convictions for theft and other misdemeanors that Hughley committed years ago, and that it should have given greater weight to the fact that he had committed no other sexual offenses. Hughley contends that the court unfairly speculated when it qualified its statement that he had not previously committed a sex offense with "at least not to our knowledge."

---

[1] The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

Our review of the record satisfies us that the district court did not abuse its discretion in weighing the 18 U.S.C. § 3553(a) factors and imposing the statutory maximum sentence. The court considered Hughley's letter and statement to the court, his sentencing memorandum, and his attorney's arguments for a lower sentence. The court articulated the facts that justified a 360-month sentence, including that Hughley's multiple theft and marijuana convictions established a pattern of criminal conduct; that Hughley twice forced a ten-year-old child to perform sex acts; that the ten-year-old was Hughley's own daughter; that Hughley violated the trust and love that a child has for her parent; that Hughley knew that his daughter was autistic; and that Hughley recorded videos of the sex acts. These facts and considerations adequately support Hughley's sentence.

Finally, we reject Hughley's argument that his sentence should have been lighter because the statute contemplates conduct more heinous than his own.

The sentence is affirmed.

_____