# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3039

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Eagle Pipe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: October 15, 2018
Filed: January 7, 2019

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

Charles Eagle Pipe pleaded guilty to domestic assault by an habitual offender in violation of 18 U.S.C. § 117. At sentencing, the district court[1] determined that

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota

Eagle Pipe's advisory guidelines range was 30 to 37 months imprisonment. The court departed upward because Eagle Pipe's criminal history category substantially under-represented the seriousness of his criminal history, see USSG § 4A1.3(a)(1), and imposed a forty five month sentence, a one month downward variance from the revised guidelines range. Eagle Pipe appeals the sentence, asserting that the court committed procedural and substantive error. We conclude the contentions are without merit and therefore affirm.

Eagle Pipe's Presentence Investigation Report (PSR) assigned one criminal history point for a single qualifying adult conviction, placing him in Criminal History Category I. The "Other Criminal Conduct" section listed sixty-nine entries totaling one hundred prior convictions in the Standing Rock Sioux Tribal Court. Many were convictions for domestic assault of Eagle Pipe's wife, the victim of the domestic assault offense of conviction. Tribal court convictions are not included in calculating a defendant's Criminal History Category. See USSG § 4A1.2(I). Accordingly, the PSR identified § 4A1.3 as potentially warranting a departure, explaining:

> In this case, the defendant is in Criminal History Category I: however, he has a significant tribal criminal history that was not accounted for in the determination of the defendant's Criminal History Category. Had the defendant's tribal court record been in state or federal court, it would have resulted in 16 criminal history points, placing him in Criminal History Category VI.

Eagle Pipe filed no objections to the PSR.

Prior to sentencing, the district court issued a memorandum to counsel noting a possible upward departure. The court explained:

> The criminal history category is I. If all tribal court convictions were counted, the category would be VI. He has 101 tribal court

convictions, many for violence. He has nine pending charges in tribal court. In the 22 + years I have been on the bench, I do not recall anyone with that number of tribal court convictions. He has convictions for assaulting the same victim as the present victim seven previous times. It appears that he has learned nothing from the sentences imposed previously.

At the sentencing hearing, defense counsel acknowledged that Eagle Pipe's very lengthy criminal history "pushes the sentence up a little bit," but noted that Eagle Pipe had served 365 days in tribal jail for the offense of conviction and urged the court to impose a sentence within the 30 to 37 month guidelines range. The district court noted that, in addition to his prior convictions, Eagle Pipe "has family violence, simple assault, disorderly conduct, criminal mischief, domestic violence . . . and criminal contempt [charges], all pending in Standing Rock Sioux Tribal Court."

After lengthy discussion with counsel, the district court found "that an upward departure is appropriate here based on the inadequacy of the Criminal History Category of the Defendant. He is about as far away from a Criminal History Category of I as you could get." Noting that Eagle Pipe's tribal court convictions, if they counted, would place him in Criminal History Category VI, the court ruled:

> I find that his Criminal History Category is a IV. That's an upward departure. A criminal History Category of II is not adequate, nor is a Criminal History Category of III adequate, based upon one after another of these acts of violence.

The court found that Eagle Pipe's revised advisory guidelines range was 46 to 57 months imprisonment, credited the twelve months he served in tribal custody "on charges that are relevant conduct," and imposed a "net sentence" of forty five months.

On appeal, Eagle Pipe argues the district court committed procedural error because it failed to adequately explain why it rejected Criminal History Categories I, II, and III and failed to compare Eagle Pipe's criminal history with other defendants in Category IV. Eagle Pipe did not object to the PSR's determination that his tribal court convictions would place him in Category VI if they counted. He did not object when the district court recited that determination in giving advance notice of a possible upward departure and again at the start of the sentencing hearing. He did not object or request additional explanation when the district court explicitly stated that Categories II and III were not adequate because of his many acts of violence. This argument was waived in the district court. See United States v. Maxwell, 778 F.3d 719, 734 (8th Cir.), cert. denied, 135 S. Ct. 2827 (2015).

Even if we reviewed this issue for plain error, there was none. The Guidelines expressly state that an upward departure may be based on "[p]rior sentence(s) not used in computing the criminal history category," including "tribal offenses." USSG § 4A1.3(a)(2)(A); see United States v. Shillingstad, 632 F.3d 1031, 1037 (8th Cir. 2011). A district court departing upwards under § 4A1.3(a)(1) need not "mechanically discuss[ ] each criminal history category it rejects en route to the category that it selects"; it need only provide "sufficient indicia of why the intermediary categories are inappropriate." United States v. Azure, 536 F.3d 922, 931-32 (8th Cir. 2008) (quotation omitted).

Here, the PSR and the district court assigned hypothetical criminal history points to Eagle Pipe's tribal convictions, which placed him in Criminal History Category VI, the highest category. The court specifically stated that it had considered each intermediary criminal history category before selecting Category IV. This process necessarily "use[d], as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." USSG § 4A1.3(a)(4)(A); see United States v. Azure, 596 F.3d 449, 454-55 (8th Cir.), cert. denied, 562 U.S. 906 (2010). As in

Shillingstad, we conclude the district court "sufficiently explained that its decision was based on [Eagle Pipe's] extensive criminal record."  632 F.3d at 1038.

Eagle Pipe further argues that the district court committed plain procedural error by "selecting a sentence based on clearly erroneous facts," namely, the failure to make a finding resolving some confusion in the record whether Eagle Pipe has 69, 100, or 101 prior tribal convictions, and the district court's references to the prevalence of domestic violence on the Standing Rock Sioux reservation.  While procedural error includes "selecting a sentence based on clearly erroneous facts," United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), this contention is frivolous.  Whether Eagle Pipe has 69 or 101 prior tribal convictions obviously did not affect the district court's finding that he "is about as far away from a Criminal History Category of I as you could get."

Eagle Pipe did not challenge the court's comments lamenting the prevalence of domestic violence on the Standing Rock reservation and surmising that Eagle Pipe may have committed other acts of domestic violence because such crimes often go unreported. "As a consequence, the district court had no opportunity to clarify its comments or to correct any potential error in the first instance.  Nor was the district court prompted to explain whether the comments had any effect on the ultimate disposition of the case." United States v. M.R.M., 513 F.3d 866, 870 (8th Cir.), cert. denied, 555 U.S. 871 (2008).  Accordingly, there was no error, much less plain error. The record does not support a conclusion that these remarks were a "principal basis" for the court's choice of sentence.  United States v. Stokes, 750 F.3d 767, 772 (8th Cir. 2014); see United States v. Gant, 663 F.3d 1023, 1030 (8th Cir. 2011).

Finally, Eagle Pipe argues the district court abused its discretion by imposing a substantively unreasonable sentence because the court gave substantial weight to an improperly determined upward departure and to its comments on domestic violence the record does not support.  As we have explained, the court imposed a

well-supported, fully explained § 4A1.3 upward departure based on Eagle Pipe's extensive criminal history, and then varied slightly downward from the revised advisory guidelines range. This is not "the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." Feemster, 572 F.3d at 464.

The judgment of the district court is affirmed.

_____