# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2474
_____

United States of America

*Plaintiff - Appellee*

v.

Eloy Balderrama-Chavez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: May 17, 2019
Filed: June 5, 2019
[Unpublished]

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Eloy Balderrama-Chavez appeals his 46-month sentence for a drug violation, contending the district court[1] procedurally erred by relying on speculation to formulate his sentence. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Balderrama-Chavez pled guilty to one count of possession of more than 500 grams of cocaine mixture with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). At sentencing, the district court determined his sentencing Guidelines range to be 37-46 months imprisonment. Noting that Balderrama-Chavez was paid $5,000 for what was allegedly his first distribution, the district court inquired about evidence of prior involvement in drug trafficking. The government said it did not have any such evidence. After a discussion of mitigating and aggravating factors, including its continued incredulity about Balderrama-Chavez's lack of drug experience, the district court sentenced Balderrama-Chavez to 46 months imprisonment.

Because Balderrama-Chavez failed to object to any alleged procedural error below, we review only for plain error. United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009). Balderrama-Chavez must demonstrate "(1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)). Examples of procedural error include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

In <u>United States v. Stokes</u>, we found plain error where the district court concluded the defendant was "selling drugs, probably" when there was no such allegation in the presentence investigation report and the government argued the defendant was "probably" selling drugs because he was unemployed and had a six-year-old drug delivery conviction. 750 F.3d 767, 771-72 (8th Cir. 2014). Because the factually-unsupported drug sales formed a "principal basis" for the district court's decision to deny a downward variance, the district court erred. <u>Id.</u> at 772; <u>see also</u> <u>United States v. Durr</u>, 875 F.3d 419, 421-22 (8th Cir. 2017) (finding no error where an inference was not the "principal basis" for the imposed sentence).

Here, there is no indication that an improper inference was a "principal basis" for Balderrama-Chavez's sentence. Rather, the district court engaged in a full discussion of the § 3553(a) factors. It began by stating that drug distribution cases are always considered serious and that Balderrama-Chavez's offense involved a significant amount of drugs. It also noted several mitigating factors in Balderrama-Chavez's case, including that it was his first offense; he served a minor role as a driver or courier; he had never done drugs; he had family support and work history; and the conduct was nonviolent. It was only in the middle of this broader discussion that the district court reflected on the possibility of prior drug activity, saying:

> I appreciate the fact that you disclosed that your cut was to be $5,000. I can tell you that that is more money tha[n] I have ever heard in any case that someone whose role was solely that of a mule has been paid. Never heard of a mule being paid $5,000.

> I think it strains credulity to believe that this was your first experience. I mean, on what basis, if this was the very first time that you did that, would you be paid $5,000? I mean, that just strains this Court's common sense, especially as to these sorts of matters, after having read hundreds of drug distribution presentence reports about how these things work.

*So I'm not going to make a finding that the information you provided was less than complete, nor am I going to make a finding that you were not honest*, but I will make the observation that the sheer absence of any other information and context just causes the Court to, as I said, have a hard time believing that there's not something more to the story.

Sent. Tr. 40-41, Dist. Ct. Dkt. 52 (emphasis added).

Because the district court expressly declined to make a finding based on speculation, declined to find the information provided by Balderrama-Chavez to be "less than complete," and instead used a thorough discussion of the § 3553(a) factors to formulate Balderrama-Chavez's sentence, it did not procedurally err. Therefore, we affirm.

_____