# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2350
_____

United States of America

*Plaintiff - Appellee*

v.

James Elbert Harrell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 25, 2020
Filed: December 15, 2020

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

KELLY, Circuit Judge

James Harrell pleaded guilty to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2). The district court[1] imposed a sentence of 46 months in prison. Harrell challenges this sentence

---

[1]The Honorable Judge John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

as both procedurally and substantively unreasonable. After considering Harrell's arguments on appeal, we affirm.

## I.

On the night of March 18, 2018, police officers in Davenport, Iowa, responded to a report of shots fired downtown, near the Scott County courthouse. As the officers were speaking to witnesses outside, Harrell drove by in a white Kia sedan, and the witnesses identified him as the shooter. The officers left the courthouse parking lot and, as they began to pursue the Kia, Harrell accelerated. In the officers' estimate, Harrell reached speeds of 75 to 85 miles per hour through a residential area and also ignored several stop signs. After leading the officers on a chase for approximately 15 blocks, Harrell lost control of the car and crashed. The officers approached the Kia, found Harrell unconscious, and called for medical assistance. As they attended to Harrell, the officers spotted a nine-millimeter pistol on the driver's side floorboard. Following this incident, Harrell was indicted on and ultimately pleaded guilty to one count of being a prohibited person in possession of a firearm.

In June 2019, the district court held a sentencing hearing, where it calculated Harrell's advisory Guidelines range as 46 to 57 months in prison. The government argued for a 57-month sentence, noting, among other things, the danger posed by Harrell's conduct the night of the underlying incident. The government presented no evidence at sentencing but argued: "[Mr. Harrell's behavior] is extraordinarily dangerous. This community has a significant problem with gun violence and eluding behavior, both of which are behaviors that Mr. Harrell demonstrated on that night." Harrell, in turn, advocated for a downward variance from the applicable Guidelines range. He presented evidence of the mental health struggles he was experiencing at the time of the offense and detailed the positive changes he had made in his life in the months since. He requested a sentence of five years' probation.

The court then announced its sentence.  It stated that it had "considered each of the factors found in [18 U.S.C. § 3553(a)], which means I have considered the nature and the circumstances of this offense as well as the history and characteristics of Mr. Harrell."  Elaborating on the nature of the offense, it described the "exceedingly aggravated" circumstances of the crime, which involved Harrell shooting a gun at another car and then fleeing from the police at a high speed.  The district court stated:

> [The government] is right, that the Quad Cities has experienced extraordinary gun violence over the last decade and this is a part of it.  This is right downtown.  If people knew that you had your criminal history and that you had a gun, they would avoid you three blocks away.

The court went on to consider "the question of just punishment," "the need for adequate deterrence to criminal conduct," and Harrell's "mental health history, his treatment, his post-offense efforts at rehabilitation, [and] his work history."

The district court then imposed a sentence of 46 months in prison, followed by three years of supervised release.  Harrell now appeals.

II.

A.

When reviewing a sentence on appeal, we first ensure that no procedural error occurred, and then we review the sentence for substantive reasonableness.  United States v. Cloud, 956 F.3d 985, 986 (8th Cir. 2019).  Here, Harrell argues that the district court committed procedural error by relying on facts not in the record in selecting its sentence.  Specifically, he points to the district court's statement that "the Quad Cities has experienced extraordinary gun violence over the last decade" and its suggestion that people would avoid Harrell if they knew his criminal history.

-3-

Because the record did not include information about rates of local gun violence or community perception of him, Harrell argues that his sentence was based on improper speculation.

When, as here, no objection is made before the district court, we review claimed procedural errors for plain error. United States v. Bain, 586 F.3d 634, 639 (8th Cir. 2009). To demonstrate plain error, a defendant must show "(1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Bonnell, 932 F.3d 1080, 1082 (8th Cir. 2019) (cleaned up).

In selecting a sentence, a district court may rely on undisputed factual allegations in the Presentence Investigative Report (PSR), see United States v. Zayas, 758 F.3d 986, 990 (8th Cir. 2014), reliable evidence introduced by the parties, see United States v. Urbina-Mejia, 450 F.3d 838, 840 (8th Cir. 2006), and, to some extent, its own judicial experience, see United States v. Hill, 552 F.3d 686, 692 (8th Cir. 2009); but see United States v. McMullen, 86 F.3d 135, 138 (8th Cir. 1996). However, sentencing courts may not engage in speculation or draw inferences unsupported by the record. See, e.g., United States v. Kane, 639 F.3d 1121, 1131-32 (8th Cir. 2011) (district court committed procedural error when it commented that the defendant was unlikely to recidivate, as nothing in the record supported that conclusion); United States v. Stokes, 750 F.3d 767, 771-72 (8th Cir. 2014) (district court committed procedural error when it suggested during sentencing that a defendant's lack of employment indicated that he was "probably" selling drugs, because "the record facts simply [did] not support" such an inference).

Even if we assume the district court's statement about "extraordinary gun violence" in the Quad Cities was plainly erroneous because it is unsupported by the record and the PSR, Harrell must also show that the purported error affected his substantial rights. To do so, Harrell must show "a reasonable probability that but for

the error he would have received a more favorable sentence." Bonnell, 932 F.3d at 1083 (cleaned up). When a district court relies on speculation or facts not in the record, we consider whether such reliance was a "principal basis" for the sentence. See United States v. Durr, 875 F.3d 419, 421 (8th Cir. 2017). Here, when determining Harrell's sentence, the district court pointed to a number of aggravating factors, including the danger Harrell's conduct posed to the community. The court described the case as "obviously serious" and "not [a firearm] offense in its most basic form," as it involved shots fired and eluding the police at a high rate of speed. The court also considered Harrell's prior convictions and "the need for adequate deterrence." Given the emphasis placed on these factors, we are not convinced that the district court's statements about gun violence—or about potential community perceptions of Harrell—formed a principal basis for the sentence. See United States v. Eagle Pipe, 911 F.3d 1245, 1248 (8th Cir. 2019) (finding no plain error when "the record does not support a conclusion that [a district court's unsupported remarks] were a principal basis for the court's choice of sentence" (cleaned up)).

Because he has not shown a reasonable probability that but for the alleged error, his sentence would have been lower, Harrell's argument fails.

B.

Harrell also argues that his sentence is substantively unreasonable. We review such challenges under "a deferential abuse-of-discretion standard." United States v. Manning, 738 F.3d 937, 947 (8th Cir. 2014). A district court abuses its discretion when it "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014). Under this standard, our review is "narrow and deferential." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

In determining an appropriate sentence, a district court must consider all of the factors in 18 U.S.C. § 3553(a), Gall v. United States, 552 U.S. 38, 49-50 (2007), but it retains "'wide latitude' to weigh the § 3553(a) factors in each case and to assign some factors greater weight than others." United States v. Johnson, 916 F.3d 701, 703 (8th Cir. 2019) (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)). Moreover, we do not require that a district court "categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered." United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006); see also United States v. Nguyen, 829 F.3d 907, 925 (8th Cir. 2016) (finding the district court's explanation that "it considered the PSR, the mitigating factors presented by Nguyen," and the other § 3553(a) factors sufficient).

Harrell argues that the district court did not give adequate consideration to his mental health history and his considerable post-offense rehabilitation efforts. The district court heard substantial evidence from Harrell on both of these mitigating circumstances. When explaining its sentence, the court acknowledged the evidence presented, saying it had "considered [Harrell's] mental health history, his treatment, his post-offense efforts at rehabilitation, [and] his work history." Harrell would give these mitigating factors greater weight, and understandably so. But the fact that the district court weighed these factors differently, and then imposed a bottom-of-the-Guidelines range sentence, does not mean it abused its discretion.

III.

We affirm the judgment of the district court.

_____