# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-3394

———————————————

United States of America

*Plaintiff - Appellee*

v.

Mark A. Johnson, doing business as Atlantic Power & Equipment, LLC

*Defendant - Appellant*

————————

Appeal from United States District Court
for the District of South Dakota - Northern

————————

Submitted: October 18, 2021
Filed: December 10, 2021
[Unpublished]

————————

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

————————

PER CURIAM.

Mark A. Johnson pled guilty to wire fraud, in violation of 18 U.S.C. § 1343. The district court[1] sentenced him to 41 months in prison and 3 years of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

I.

Johnson maintains the district court procedurally erred by failing to adequately explain its two-level upward departure from criminal history category IV to VI (guidelines range of 24-30 months to guidelines range of 33-41 months). This court reviews for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). To impose an upward departure, a district court is not required to "mechanically discuss each criminal history category it rejects en route to the category that it selects," but it must "adequately explain why it concludes the intermediary categories fail to meet the purposes of § 4A1.3." *United States v. Azure*, 536 F.3d 922, 931 (8th Cir. 2008) (cleaned up). Additionally, "any procedural error in granting an upward departure is harmless" when—like here— "the district court makes it clear that the sentence is also based on an upward variance under the section 3553(a) factors." *United States v. Timberlake*, 679 F.3d 1008, 1011 (8th Cir. 2012).

The district court departed upward pursuant to United States Sentencing Guidelines § 4A1.3, which allows for an upward departure if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). The district court gave written notice that it was considering "an upward departure at sentencing, based largely on an inadequate criminal history category." At sentencing, the court discussed Johnson's lengthy criminal history of dishonesty, spanning three decades of mostly financial crimes. And it found it likely that Johnson would commit further crimes of dishonesty.

The district court adequately explained why criminal history categories of IV and V were inappropriate. *See Azure*, 536 F.3d at 931. *See also United States v. Herr*, 202 F.3d 1014, 1016-17 (8th Cir. 2000) ("In deciding the likelihood that a defendant may commit other crimes, a court may take into account any evidence of obvious incorrigibility and conclude that leniency has not been effective." (cleaned

up)).  Regardless, the district court stated that it would have imposed the same sentence using a variance under the 18 U.S.C. § 3553(a) factors, so any potential error was harmless.  *See Timberlake*, 679 F.3d at 1011.

## II.

Johnson believes the court procedurally erred by basing its sentence on a "speculative hunch" about his long-time friend Anthony Bertino, a defendant in another case, "that was unsupported by the record."  He asserts that at sentencing the court "attempted to inject a nefarious nature between the two cases by concluding there was some kind of 'sweetheart deal' the two had reached to defraud."  The government contends Johnson failed to object to the alleged error at sentencing, and this court should review for plain error.  *See United States v. Robinson*, 662 F.3d 1028, 1032-33 (8th Cir. 2011).  Johnson disagrees, asserting the standard of review is abuse of discretion.  This court need not decide the issue because Johnson's claim fails under either standard.

In a written memorandum before sentencing, the district court mentioned Bertino had a separate criminal case pending.  But the court did not state it would consider Bertino's actions in sentencing Johnson.  At sentencing, Johnson admitted that Bertino's alleged criminal activity involving the same tribal entity in a different case "smells," but argued the court should not consider it.  The district court noted it was "certainly very suspicious," and although there may not be evidence of a connection, it doesn't mean "a sweetheart deal here wasn't worked out."  Despite these comments, there is no indication the district court relied on unproven suspicions in setting Johnson's sentence.  To the contrary, the record shows the district court departed upward based on its finding that Johnson's criminal history category was insufficient based on his long history of committing crimes of dishonesty.

The district court did not err in mentioning its suspicions about Bertino.  *See United States v. Eagle Pipe*, 911 F.3d 1245, 1248 (8th Cir. 2019) (holding "there

-3-

was no error, much less plain error," in the district court's comments that the defendant may have committed other acts of domestic violence because there was no evidence that these remarks were a "principal basis" for the sentence).

## III.

Johnson argues the 41-month sentence was substantively unreasonable because it "failed to give proper weight to the mitigating factors, while simultaneously allocating too much weight to mischaracterized and unsupported considerations." This court reviews for abuse of discretion. *Feemster*, 572 F.3d at 461. It will be an "unusual case" where this court reverses a sentence as substantively unreasonable. *Id*. at 464.

The district court thoroughly considered the §3553(a) factors, particularly Johnson's lengthy history of committing crimes of dishonesty. It also considered mitigating factors, including Johnson's compliance on pretrial release and his health conditions. The court did not err in imposing the 41-month sentence. *See United States v. Meadows*, 866 F.3d 913, 920 (8th Cir. 2017) ("Sentences within the guideline range are presumed to be substantively reasonable.").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____