# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-2315

———————————————

United States of America

*Plaintiff - Appellee*

v.

Shasta Elk

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota

——————————

Submitted: March 18, 2022
Filed: April 29, 2022
[Unpublished]

——————————

Before GRASZ, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

In 2018 Shasta Elk was sentenced to three months of imprisonment and three years of supervised release for child neglect in Indian Country. *See* 18 U.S.C. § 1153. After Elk violated the conditions of her initial supervised release, she was sentenced to six months of imprisonment and two additional years of supervised release. Elk violated the conditions of her second supervised release and the district

court[1] sentenced her to fifteen months of imprisonment with no supervised release, varying upward from the recommended United States Sentencing Guidelines Manual range of four to ten months of imprisonment. Elk appeals, arguing the fifteen-month sentence is substantively unreasonable. We affirm.

We "review the imposition of sentences, whether inside or outside the Guidelines range, [under] 'a deferential abuse-of-discretion standard.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008)). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *Id.* (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)). "However, 'it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range— as substantively unreasonable.'" *United States v. Brown*, 992 F.3d 665, 673 (8th Cir. 2021) (quoting *Feemster*, 572 F.3d at 464).

After reviewing the record and the parties' arguments, we detect no cause to reverse. The district court considered mitigating factors relevant to Elk's sentencing and found them to be substantially outweighed by numerous aggravating factors. *See* 18 U.S.C. § 3553(a). Elk argues the district court failed to consider her history in halfway houses, which she contends demonstrates her ability to obey the law. However, the district court considered Elk's history in halfway houses and found those experiences to be an aggravating rather than mitigating factor. In particular, the district court expressed concern over Elk's refusal to "take advantage" of the treatment opportunities offered at the halfway houses. There is no basis to conclude the district court abused its discretion in its weighing of these factors. *See United States v. Harrell*, 982 F.3d 1137, 1141 (8th Cir. 2020) (finding that where the district

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

court weighs mitigating factors differently than the defendant, it does not constitute abuse of discretion). Accordingly, we affirm the judgment of the district court.

_____