# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2023
_____

United States of America

*Plaintiff - Appellee*

v.

Johnathon Lawrence Rose

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa
_____

Submitted: April 12, 2022
Filed: July 27, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Johnathon Lawrence Rose pled guilty to possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and unlawfully possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). The district court[1] calculated an advisory United States Sentencing Guidelines ("Guidelines") range of 188 to 235 months of imprisonment and then sentenced Rose to concurrent terms of 210 months of imprisonment on count one and 120 months on count two.

Rose appeals, arguing the 210-month sentence within the Guidelines range was substantively unreasonable. He asserts the district court should have varied downward because of certain mitigating factors such as his traumatic childhood, his drug addiction, his mental and physical health issues, and the fact that the longest sentence he had previously served was approximately 18 months.

We "review the imposition of sentences, whether inside or outside the Guidelines range, [under] 'a deferential abuse-of-discretion standard.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008)). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *Id.* (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)). "[W]e presume that a within-Guidelines sentence is reasonable[.]" *United States v. Mitchell*, 2 F.4th 786, 790 (8th Cir. 2021). And "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Brown*, 992 F.3d 665, 673 (8th Cir. 2021) (quoting *Feemster*, 572 F.3d at 464).

Here, the record shows the district court carefully considered the 18 U.S.C. § 3553(a) factors, including those potentially-mitigating factors advanced by Rose. The district court ultimately determined a within-Guidelines sentence was

---

[1]The Honorable Stephanie M. Rose, then United States District Judge for the Southern District of Iowa, now Chief Judge.

appropriate, particularly considering Rose's criminal history, which the district court described as "unabated assaultive behavior" and "horrific," and the risk Rose posed to the public. The fact the district court "weighed these factors differently" than Rose would have "does not mean it abused its discretion." *United States v. Harrell*, 982 F.3d 1137, 1141 (8th Cir. 2020). And we detect nothing in the record that suggests the sentence is substantively unreasonable. Accordingly, we affirm the district court's judgment.

_____