# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3207

_____

United States of America

*Plaintiff - Appellee*

v.

James Read

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: April 15, 2022
Filed: August 4, 2022
[Unpublished]

_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

James Read waived indictment and pleaded guilty to one count of making a false statement, in violation of 18 U.S.C. § 1001(a)(3); one count of money laundering, in violation of 18 U.S.C. § 1957; and one count of wire fraud, in violation of 18 U.S.C. § 1343. He appeals his sentence and the district court's denial of his request to present an allocution by video at his sentencing hearing. We agree

that his sentence on the false statement count exceeded the statutory maximum, but we otherwise affirm.

## I.

According to his plea agreement, Read used falsified information to apply for government-guaranteed loans that were intended to aid businesses and individuals affected by the COVID-19 pandemic. Through various loan applications, Read requested $589,350 and ultimately received $277,827.

Read consented to appear by video conference for sentencing. Based on a total offense level 26 and a criminal history category I, the district court determined that Read's advisory United States Sentencing Guidelines range was 63 to 78 months of imprisonment. Read requested a downward variance to 12 months and a day, based on his family obligations, lack of criminal history, mental and physical health concerns, and gambling addiction, which Read suggested factored into his decision to apply for the loans. The government argued for a Guidelines sentence. The district court[1] sentenced Read to 63 months' imprisonment on each count, to run concurrently, followed by three years of supervised release on each count, also running concurrently, and ordered Read to pay $277,827 in restitution. Read timely appealed.

## II.

Read first argues that the district court erred by refusing to permit him to play a pre-recorded video allocution at sentencing.

Federal Rule of Criminal Procedure 32 provides that, "[b]efore imposing a sentence, the court must," among other things, "address the defendant personally in

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A). "The denial of the right to presentence allocution is a significant procedural error" that is generally reviewed de novo,[2] United States v. Thurmond, 914 F.3d 612, 614 (8th Cir. 2019) (quoting United States v. Hoffman, 707 F.3d 929, 937 (8th Cir. 2013)), and "the failure to give the defendant the right of allocution is clear error that requires a reversal," United States v. Hernandez-Espinoza, 890 F.3d 743, 747 (8th Cir. 2018). "This strict rule applies in cases where a defendant never gets a chance to allocute at all." Id. However, "[c]ourts are not nearly as strict when a defendant allocutes at some point during sentencing if that allocution retains the potential to affect the sentence." Id.; see also United States v. Braman, 33 F.4th 475, 480 (8th Cir. 2022) ("There is 'no error as long as the court gives the defendant an opportunity to speak prior to the imposition of sentence.'" (quoting Hoffman, 707 F.3d at 937–38)).

At the sentencing hearing, defense counsel stated that Read had recorded a seven-minute allocution, explaining that Read "has an awful lot of anxiety" and that it may be difficult for him "to provide much of an allocution today" without using the video.[3] The district court denied Read's request to play the video and instead gave him the "opportunity to speak just like . . . every other defendant." Read apologized and accepted responsibility for his conduct, acknowledging that he had made some "bad decisions." Citing his gambling addiction, Read explained that he had been "desperate" and "couldn't stop," but added that he was seeking help for his addiction. Read also told the court that his "mind [was] scattered," so he was

---

[2]The government argues that plain error review should apply because Read did not object at sentencing and thus failed to preserve his lack-of-allocution claim. Because we find that Read's appeal fails under either standard of review, we do not address this argument.

[3]At the hearing, Read's counsel stated that he had previously informed the court about his intent to play a video allocution, but the district judge responded that he "didn't have notice of [Read's] intent to do that." On appeal, Read does not identify when or how he gave notice, and we are unable to find any notice on the district court docket.

"probably missing a lot," and explained that was "why [he] put the video together." When Read concluded, the district court stated, "Okay. Thank you, Mr. Read," and proceeded with sentencing.

On appeal, Read argues that the district court treated his allocution as a "meaningless formality" and that the court's refusal to view his pre-recorded allocution denied him the right of effective allocution. However, Read was given an opportunity to speak freely and offer information to mitigate his sentence, and the record shows that he did so. See Hernandez-Espinoza, 890 F.3d at 747. The district court did not intimidate Read or cut off his statement. See United States v. Li, 115 F.3d 125, 131–33 (2d Cir. 1997) (district court repeatedly interrupted defendant during her allocution, leaving her "intimidated and confused" and without an opportunity to speak meaningfully about the factors she thought relevant to mitigation of her sentence). And, importantly, Read has not stated—either to the district court or on appeal—what his recorded allocution contained or what it would have added to the allocution he gave in open court.[4] There may be a case on a different record in which a defendant is effectively denied the right to allocution if not permitted to present his allocution in an alternative format. But Read has not shown that his is such a case.

---

[4]Citing United States v. Bustamante-Conchas, 850 F.3d 1130, 1139 (10th Cir. 2017), Read asserts that a "proffered allocution statement" is not required to establish the need for resentencing. However, in Bustamante-Conchas, the defendant was denied the right to allocution entirely, and the Tenth Circuit declined to speculate about what the defendant would have said in a hypothetical allocution. See 850 F.3d at 1139. See generally United States v. Walker, 896 F.2d 295 (8th Cir. 1990) (remanding for resentencing where district court did not inform defendant of right to allocution and did not provide an opportunity for her to speak); United States v. Patterson, 128 F.3d 1259 (8th Cir. 1997) (holding that deprivation of the right of allocution altogether was not a harmless error). In contrast, Read was provided an opportunity to speak, his alternative allocution had already been recorded on video, and he does not now explain how the two statements differ.

III.

Read also challenges his sentence, arguing first that the total length is substantively unreasonable and second that the term of imprisonment for his false statement conviction exceeds the statutory maximum. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Merrett, 8 F.4th 743, 751 (8th Cir. 2021). "The district court abuses its discretion if it 'fails to consider a relevant factor which should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers the appropriate factors but commits a clear error of judgment.'" Id. at 751–52 (quoting United States v. Davis, 859 F.3d 572, 574 (8th Cir. 2017)). Although the district court must consider all of the 18 U.S.C. § 3553(a) factors, "it retains 'wide latitude to weigh the § 3553(a) factors in each case and to assign some factors greater weight than others.'" United States v. Williams, 30 F.4th 796, 800 (8th Cir. 2022) (quoting United States v. Harrell, 982 F.3d 1137, 1141 (8th Cir. 2020)).

Read argues that his total sentence is substantively unreasonable because the district court overstated the seriousness of his offenses and failed to properly credit mitigating factors. Specifically, Read asserts that the district court viewed his offense conduct as more serious than it was, incorrectly suggesting that his fraudulent loan applications hurt other, legitimate businesses that needed pandemic-related assistance. Read notes that the loans were guaranteed by the federal government, which meant no bank suffered the loss, and that there was no evidence the funds were depleted. As for mitigating factors, Read contends that the district court recognized his gambling addiction only as a reason Read needed money, not as an underlying factor that contributed to his overall conduct, and that the court failed to sufficiently consider his ongoing health problems.

The district court gave several reasons for characterizing Read's conduct as serious. The court explained that Read engaged in the fraudulent scheme for more than a year and that "[i]t took so much planning in order to carry out this fraud," noting that Read falsified the loan applications, nature of his business, tax return

forms, and bank accounts. The court also expressed concern that Read involved his wife and mother-in-law in the scheme by filing fraudulent applications on their behalf. Read even submitted an additional fraudulent application after his interview with federal investigators. These facts led the court to conclude that Read's conduct was "one of the more egregious fraud cases" it had seen. Moreover, although the district court recognized Read's mitigating factors, including his gambling addiction and health issues, it also noted that Read had demonstrated an ability to earn income from his current and prior legitimate businesses. The district court did not abuse its discretion in imposing a sentence at the bottom of Read's Guidelines range. See Harrell, 982 F.3d at 1141 ("[T]he fact that the district court weighed these factors differently, and then imposed a bottom-of-the-Guidelines range sentence, does not mean it abused its discretion."); United States v. DeMarrias, 895 F.3d 570, 574 (8th Cir. 2018) ("We presume a sentence within the Guidelines range is reasonable.").

Read also argues—and the government agrees—that the district court plainly erred in imposing a sentence of 63 months' imprisonment for Read's false statement conviction because the statutory maximum sentence for that offense is 60 months. Read did not make this objection at sentencing but, where plain error exists, "the court of appeals should exercise its discretion to correct the forfeited error if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Molina-Martinez v. United States, 578 U.S. 189, 194 (2016) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)); see also 18 U.S.C. §1001(a) (maximum term of imprisonment of "not more than 5 years" for knowingly and willfully making a materially false statement). Therefore, we correct Read's sentence on Count 1 to 60 months' imprisonment, to run concurrently with his sentences on Counts 2 and 3, but otherwise affirm the judgment of the district court.

_____