# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3210

_____

United States of America

*Plaintiff - Appellee*

v.

Danny Ray Madison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 8, 2024
Filed: May 23, 2024
[Unpublished]

_____

Before LOKEN, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Defendant Danny Ray Madison pled guilty to one count of bank robbery, in violation of 18 U.S.C § 2113(a).  He now appeals, arguing that the district court[1]

____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

procedurally erred and imposed a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On the morning of January 10, 2023, Madison arrived at First Security Bank in Fayetteville, Arkansas. After approaching two bank tellers, he told one that he had a gun and asked both to empty their cash drawers into a bag. Madison instructed the tellers not to do "anything stupid," like follow him out of the bank or use dye bags. Madison walked away from the scene having stolen $9,799.

Shortly after he was identified through surveillance footage, Madison was arrested at a nearby bus stop. Once at the Fayetteville Police Department, Madison was read his Miranda[2] rights, which he stated that he understood. Madison confessed to committing the robbery. He explained that he had traveled from Nashville, Tennessee to Fayetteville specifically to rob a bank. This was Madison's first time in Fayetteville, and he considered it an attractive target in part because it was a college town. He identified First Security Bank as his target the night before the robbery, reasoning that the tellers there would not recognize him and that the local area would be easy to get lost in. Madison also clarified that he never had a gun during the robbery; he only mentioned one as a scare tactic. By Madison's own count, this was his fourth bank robbery, having been convicted of the same in 1994, 2001, and 2012.

Madison was subsequently indicted on one count of bank robbery, in violation of 18 U.S.C § 2113(a). After he pled guilty, Madison was sentenced to 240 months' imprisonment with 3 years of supervised release—an upward variance from the United States Sentencing Guidelines range of 151 to 188 months.

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

II.

"When reviewing a sentence on appeal, we first ensure that no procedural error occurred, and then we review the sentence for substantive reasonableness." United States v. Harrell, 982 F.3d 1137, 1139 (8th Cir. 2020).

A.

Madison argues that the district court erred by relying on facts inadequately supported by the record. Because "[p]rocedural error includes . . . selecting a sentence based on clearly erroneous facts," we treat this argument as one based on procedural error. United States v. Owens, 38 F.4th 1, 3 (8th Cir. 2022) (citation omitted). At sentencing, the district court found that the "terror" Madison inflicted on the bank tellers was an aggravating factor. Madison asserts that there is no evidence that he traumatized the bank tellers and that the district court only reached this "speculati[ve]" conclusion based on the Government's representations. Because Madison did not object to the district court's consideration of this factor at sentencing, we review the claimed procedural error for plain error. Id. at 1140.

"In selecting a sentence, a district court may rely on undisputed factual allegations in the Presentence Investigative Report (PSR), reliable evidence introduced by the parties, and, to some extent, its own judicial experience. However, sentencing courts may not engage in speculation or draw inferences unsupported by the record." Id. (citations omitted). Here, the district court did not speculate when asserting that Madison traumatized the bank tellers. At the sentencing hearing, the Government stated that that the two tellers were offered the opportunity to come to court and submit victim-impact statements, but that they declined and preferred to move on with their lives. In response, Madison's counsel stated that "[Madison] did traumatize two bank tellers in this case. There were other ways that he could have gone back to federal prison without traumatizing bank tellers. I have to acknowledge that." The district court did not plainly err in relying on this fact at sentencing, because Madison—through his counsel—expressly conceded its truth. See United

States v. Harris, 44 F.4th 819, 822 (8th Cir. 2022) ("At sentencing, the district court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, including hearsay and double hearsay evidence, provided that the information has 'sufficient indicia of reliability to support its probable accuracy.'" (citation omitted)); United States v. Paz, 411 F.3d 906, 909 (8th Cir. 2005) (noting that some of "the facts relied on by the district court" in applying a sentencing enhancement were "admitted by [the defendant] in letters sent" to the court).

B.

Madison also argues that his sentence is substantively unreasonable. "We review such challenges under 'a deferential abuse-of-discretion standard.'" Harrell, 982 F.3d at 1141 (citation omitted). "A district court abuses its discretion when it 'fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" Id. (citation omitted).

Madison asserts that the percentage of the upward variance effectively "grouped him in with the very worst bank robbers" and that, "[i]n light of the mitigating factors . . . present in this case, [he] simply d[id] not deserve such categorization." Madison concedes that the district court considered the mitigating factors he now urges on appeal, including his traumatic childhood, his age and situation in life, and his mental health problems, among others. However, Madison argues that "[t]he [district] court committed a clear error of judgment" by "effectively giving" those mitigating factors no weight.

Contrary to Madison's suggestion, the district court gave weight to the mitigating factors but simply concluded that "the aggravating side of the ledger significantly outweighs the mitigating side . . . ." In reaching that conclusion, the district court stated that it had "spent a lot of time trying to understand [Madison's] upbringing and [his] background" and that it found it to be mitigating. It also

recounted—in detail—the many factors it found aggravating, including Madison's history as "a recalcitrant life-long thief," the fact that nothing appeared to have previously deterred Madison's criminality, and the fact that Madison committed the instant offense a mere six weeks after being released from prison on a previous bank robbery conviction. Madison's argument is fundamentally a disagreement with the way the district court weighed these factors—an argument we have repeatedly rejected. See, e.g., United States v. Jones, 89 F.4th 681, 686 (8th Cir. 2023) (rejecting defendant's argument that he should have received a more lenient sentence based on the very same mitigating factors that the district court balanced against the aggravating ones); United States v. Lozoya, 623 F.3d 624, 627 (8th Cir. 2010) ("Simply because the district court weighed the relevant [aggravating] factors more heavily than [a defendant] would prefer does not mean the district court abused its discretion.").

Likewise, we are not persuaded that the percentage of the variance demonstrates that the district court abused its discretion: "although we may consider the extent of the variance, the Supreme Court has specifically rejected using the percentage of a departure or variance as the standard for determining the strength of the justifications required for a specific sentence." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012). We find no abuse of discretion in the district court's weighing of the sentencing factors. See id. ("It is . . . well understood that an upward variance may be warranted where a defendant repeats his or her criminal conduct shortly after completing punishment for a previous offense.").

III.

For the foregoing reasons, we affirm Madison's sentence.

_____